458 F.Supp. 197 (1978)
UNITED STATES of America, Plaintiff,
v.
Willie H. DENNIS, Defendant.
No. 78-142 CR (3).
United States District Court, E. D. Missouri, E. D.
October 19, 1978.
Stephen B. Higgins and Georgia M. Goslee, Asst. U. S. Attys., U. S. Dept. of Justice, St. Louis, Mo., for plaintiff.
Irl B. Baris, St. Louis, Mo., for defendant.

*198 MEMORANDUM
NANGLE, District Judge.
This matter is before the Court upon the Court's own motion to consider the dismissal of Count I of the indictment herein. Said count charges defendant with violation of 18 U.S.C. § 1962(c) which provides:
It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.
Defendant is an employee of the General Motors Assembly Division, General Motors Corporation, which is alleged to be an enterprise affecting interstate commerce. The government charges that defendant participated in the conduct of the enterprise's affairs through the collection of unlawful debts, as defined by 18 U.S.C. § 1961(6). Defendant was not an officer of General Motors Corporation. The debts that he is alleged to have unlawfully collected were incurred by fellow employees at the General Motors Assembly Division as a result of allegedly borrowing funds at usurious rates from defendant.
The issue which the indictment raises herein is whether the collection of unlawful debts by an employee from co-employees on the premises of an enterprise affecting interstate commerce constitutes participation in the enterprise's affairs through the collection of unlawful debts. The Court concludes that it does not.
In United States v. Stofsky, 409 F.Supp. 609 (S.D.N.Y.1973), defendants, who were officials and employees of a labor union, challenged § 1962(c) as void for vagueness because the statute "fails to set forth the degree and intensity of the relationship required between the racketeering activity and the usual operation of the enterprise". Id. at 612. The court rejected the argument stating that
. . . § 1962(c) sufficiently places men of reasonable intelligence on notice that persons employed by the type of enterprise therein defined cannot resort to a pattern of specified criminal acts in the conduct of the affairs of that enterprise. Id. at 613.
The court also stated that offenses committed in the course of employment satisfied the relationship required by the statute.
Other courts have placed a more stringent interpretation upon the statutory requirement that the defendant participate in the conduct of the enterprise's affairs through the prohibited activity. In United States v. Nerone, 563 F.2d 836 (7th Cir. 1977), defendants were charged with participating in the operation of an illegal gambling business; use of extortionate means to collect a gambling debt; use of a deadly weapon in an assault upon a federal officer; and conducting the affairs of Maple Manor, Inc. through a pattern of racketeering activity and/or through collection of an unlawful debt. The evidence adduced showed that an individual operated a casino gambling operation in a mobile home located in a mobile home park which was operated by Maple Manor, Inc. A number of this corporation's board of directors were directly involved in the gambling operation. Nevertheless, the court determined that 18 U.S.C. § 1962(c) had not been violated:
Our examination of the record leaves us with the abiding conviction that the Government never really crystallized its theory of the case. It made no attempt to show that the proceeds of the casino operation were invested in Maple Manor, Inc. Nor did it endeavor to show that gambling revenues were used by or in any way channeled into the corporation or that persons were paid out of gambling revenues to perform services for Maple Manor, Inc.
. . . . .
The Government's case must fail because of a total want of proof of the connection between the racketeering activities and the affairs of Maple Manor, Inc. Geographic juxtaposition of the enterprises is insufficient. Id. at 851.
*199 The Court concedes that the statute does not require "proof regarding the advancement of the [enterprise's] affairs by the defendant's activities, or proof that the [enterprise] itself is corrupt, or proof that the [enterprise] authorized the defendant to do whatever acts form the basis for the charge". United States v. Field, 432 F.Supp. 55 (S.D.N.Y.1977); see also United States v. Stofsky, supra; United States v. Scalzitti, 408 F.Supp. 1014 (W.D.Pa.1975). Nevertheless, the Court is convinced that the statute requires a "nexus between the prohibited activity and the conduct of the enterprise's affairs". United States v. Rubin, 559 F.2d 975, 990 (5th Cir. 1977), citing United States v. Campanale, 518 F.2d 352 (9th Cir. 1975).
In the instant case, there is a nexus between defendant's alleged activities and the enterprise itself. The indictment fails, however, to assert any nexus between the alleged activities and the conduct of the enterprise. The statute requires that the defendant participate in the conduct of the enterprise's affairs through the collection of an unlawful debt. The mere fact that defendant is employed by the enterprise and collects unlawful debts on the premises of the enterprise, even if against such enterprise's rules and regulations, does not establish that the defendant participated in the conduct of the enterprise's affairs through the collection of the debts.
Accordingly, the Court concludes that Count I of the indictment should be dismissed for failure to charge an offense under 18 U.S.C. § 1962(c).