**UNITED STATES of America,**
**Appellant,**

v.

**Anthony GALLAGHER, John McCarthy,**
**and Allison Fredenburgh,**
**Defendants-Appellees.**

No. 78–2678.

United States Court of Appeals,
Third Circuit.

Argued June 6, 1979.

Decided July 23, 1979.

**1140**

George L. Schneider, Zazzali, Zazzali & Whipple, Newark, N. J., for Allison Fredenburgh.

Fredric J. Gross (argued), Haddonfield, N. J., for Anthony Gallagher.

Donald Horowitz, Cummins, Dunn, Horowitz & Pashman, Hackensack, N. J., for John McCarthy.

Robert J. Del Tufo, U. S. Atty., Ralph A. Jacobs (argued), Edwin R. Matthews, Asst.

U. S. Attys., Newark, N. J., for the United States.

Before WEIS and GARTH, Circuit Judges, and BECHTLE, District Judge.*

OPINION OF THE COURT

WEIS, Circuit Judge.

This is the second appeal stemming from convictions on charges of misapplication of bank funds. In the first appeal, we found sufficient evidence to convict but remanded because of error in the jury instructions. The district court read our opinion as setting a new legal standard for the offense, concluded that the proofs submitted at the first trial would be inadequate under this standard, and dismissed the indictment. Regarding the district court's rationale and remedy as repugnant to our original review, we reverse and remand for retrial.

A jury found codefendants Anthony Gallagher and Allison Fredenburgh guilty of numerous counts of misapplication of bank funds, 18 U.S.C. § 656, making false statements in connection with bank loans, 18 U.S.C. § 1014, and one charge of conspiracy, 18 U.S.C. § 371. Another codefendant, John J. McCarthy, was convicted on one misapplication count and the conspiracy charge. On appeal, this court found that there was insufficient evidence to support the conviction of Gallagher on the § 1014 counts but enough to sustain the guilty verdicts against Fredenburgh. We determined also that because of an error in the jury instructions, all of the convictions on the § 656 counts and the conspiracy charge had to be vacated. The case was, therefore, remanded to the district court. *United States v. Gallagher*, 576 F.2d 1028 (3d Cir. 1978).

On remand, rather than proceed with a new trial, the district court granted defendants' motion to dismiss the indictment except as to the two § 1014 counts against Fredenburgh, which we had affirmed. The

---

* Honorable Louis C. Bechtle, United States District Court for the Eastern District of Pennsylvania, sitting by designation.

government appeals from the dismissal of the indictment.[1]

Since the facts are set out in considerable detail in our first opinion, we will only briefly refer to them here. Gallagher and McCarthy needed money to finance the operation of their business but were unable to qualify for bank loans. To resolve their difficulty, they worked out a scheme to have defendant Fredenburgh, a branch manager of Commercial Trust Company of New Jersey, grant loans to various individuals whose names were furnished by the codefendants. Gallagher then received the proceeds of the loans and Fredenburgh, in turn, received a percentage as a kickback. In some instances, loans were made in the names of persons who had not even applied for them.

On the § 656 counts,[2] the jury was instructed that if the bank officer advanced the money as a personal, consumer, or home improvement loan knowing that the real borrower was someone else and the actual purpose was a business use, there was a willful misapplication of bank funds. Quoting extensively from *United States v. Gens,* 493 F.2d 216 (1st Cir. 1974), we held the charge was erroneous because it failed to instruct the jury that it must find that the bank officer knew the named debtors "lacked the ability or intent to repay the

loans." 576 F.2d at 1046 (footnote omitted). For this reason the court reversed the convictions on the § 656 counts, and because the conspiracy convictions may have been implicated by the error affecting the § 656 charges, those, too, were vacated. In response to the assertions that there had been insufficient evidence to convict on the § 656 counts, however, we said: "[W]ithout employing inference or inferences, the jury could reasonably find as it did that there was a clear intention and effectuation of purpose by the appellants to violate §§ 656 and 371." *Id.* at 1037 (footnotes omitted).

■ On remand, the district court invited comments from counsel as to whether there had been any evidence at the first trial that Fredenburgh had the requisite *Gens* criminal knowledge, and whether in light of the court of appeals's opinion the indictment properly set out violations of § 656. The government declined the invitation to discuss the evidence, choosing to rely instead on the law of the case doctrine, but the defendants did comply with the court's request. After a hearing, the court granted the defendants' motions to dismiss the indictment because it failed to state that Fredenburgh either knew the nominal borrowers were unable to repay the loan or assured the borrowers that the bank would look to Gallagher for repayment.[3]

1. The government's appeal from the order dismissing the indictment is permissible under 18 U.S.C. § 3731. *Serfass v. United States,* 420 U.S. 377, 95 S.Ct. 1055, 43 L.Ed.2d 265 (1975).

2. The statute provides in pertinent part:
   "Whoever, being an officer, director, agent or employee of, or connected in any capacity with any Federal Reserve bank, member bank, national bank or insured bank, . . . willfully misapplies any of the moneys, funds or credits of such bank or any moneys, funds, assets or securities intrusted to the custody or care of such bank, . . . shall be fined not more than $5,000 or imprisoned not more than five years, or both . . . ."

3. The government refused to review the trial record as the court had asked it to do, stating in its memorandum that:
   "To reanalyze evidence and theory which have been thoroughly examined and thereafter ruled upon by the court of appeals would be 'intermeddling' with the final decision of

that court and, for that reason, the United States respectfully declines to cull from the transcript the evidence this court [the district court] has requested for its redetermination of the evidential sufficiency."
It was only after the district court filed its December 7, 1978 order dismissing the indictment that the government chose to abstract the trial record and furnish the district judge with the culled extracts of testimony which he had unsuccessfully sought months earlier. That evidence, if originally made available to the district court, might conceivably have affected the district court's order and might have avoided an unnecessary appeal.
We cannot condone the actions of any litigant, and particularly the government, in refusing to assist the court when it seeks help in analyzing a problem. Whether the government disagreed with the district court's approach is not the issue. By arguing in the alternative, the government could have supplied the district court with the evidential extracts it desired,

In its memorandum accompanying the dismissal order, the district court discussed the evidence in the first trial bearing on the banker's knowledge. We are, therefore, in some doubt as to whether the court acted only on the legal question of the indictment's language or whether it in effect was ruling that the anticipated evidence on retrial would be insufficient for conviction, either under the terms of the original indictment or what the district court believed to be a redefined indictment.

■ We first consider the semantical question of whether the indictment states an offense under § 656. In *United States v. Gens, supra,* the court held that there is a misapplication under the statute when bank officials knew the named debtor was wholly unaware that his name was being used. Similarly, when bank officials assured the named debtor that they would look only to the third party for repayment despite the fact that the bank was unwilling to extend the loan directly to that party, a misapplication is established. As *Gallagher I* phrased it, if the bank official knows that the named "debtor lacked the ability or intent to repay the loans" and the proceeds go to a third party, the offense has been made out.

Fairly summarized, the district court's position is that our opinion in *Gallagher I* articulated a narrower definition of § 656 offenses than that which had been used throughout the first trial, and the indictment failed to set out the elements of the redefined crime. We do not find such a deficiency in the indictment since it was written in the terms of the statute. Paragraphs 1 through 11 of count I, the conspiracy charge, set out the general pattern of defendants' conduct. Included are the following allegations: the three defendants solicited third parties to apply for loans for the benefit of the defendants and the third parties were assured by the defendants that Gallagher would be responsible for repayment; loans used for the defendants' bene-fit were secured in the names of third persons without their knowledge; and the defendants caused false statements and forged signatures to be made on the various loan applications. After incorporating these general allegations, count II, representative of the other six § 656 charges, states that the defendants "did knowingly and wilfully misapply" bank funds, "with intent to injure and defraud the said bank." This language, considered collectively, clearly charges an offense under § 656, and the indictment is not facially deficient.

■ It appears, however, that the district court went beyond the text of the charges and analyzed the evidence received at the first trial to determine if it was consistent with the terms of the indictment. We find no authority for such a procedure. To the contrary, in *United States v. Knox,* 396 U.S. 77, 90 S.Ct. 363, 24 L.Ed.2d 275 (1969), the Court observed that Fed.R.Crim.P. 12(b)(1) cautions the trial judge to consider on a motion to dismiss the indictment only those objections that are "capable of determination without the trial of the general issue," and that evidentiary questions should not be determined at that stage. As was held in *United States v. King,* 581 F.2d 800, 802 (10th Cir. 1978), the sufficiency of an indictment "may not be properly challenged by a pretrial motion on the ground that it is not supported by adequate evidence." *See generally* 8 Moore's Federal Practice ¶ 12.04 (2d ed. 1978).

The defendants concede this basic principle but argue that a different rule applies on a retrial. We do not accept that conclusion. Implicit in it is the premise that the trial court may consider the evidence introduced at the first trial because the prosecution will be limited to precisely that same evidence on the retrial. In support of their position, the defendants rely upon *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978). There, the Supreme Court held that if upon appellate review it

---

and pressed its "law of the case" argument as well.

To deny requested assistance to any court is to deny the tenets of trial advocacy demanded of our profession and to depart from the high standards we expect of government counsel.

is determined that there was insufficient evidence to convict, then the defendant must be acquitted. During the course of its opinion, the Court said: "The Double Jeopardy Clause forbids a second trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding." *Id.* at 11, 98 S.Ct. at 2147. Defendants would have us read this comment as overruling the precept expressed by the Court in *United States v. Shotwell Manufacturing Co.*, 355 U.S. 233, 78 S.Ct. 245, 2 L.Ed.2d 234 (1957):

> "[U]pon appellate reversal of a conviction, the Government is not limited at a new trial to the evidence presented at the first trial, but is free to strengthen its case in any way it can by the introduction of new evidence." *Id.* at 243, 78 S.Ct. at 252.

We are persuaded that the *Shotwell* rule has not been invalidated by *Burks*.

The situation in *Burks* is obviously quite different from the one presented here. *Burks* holds that the prosecution should be given only one opportunity to produce sufficient evidence to sustain a conviction. Yet, in *Gallagher I*, we remanded not because of evidentiary insufficiency but because of legal error in the charge. Only for that reason must the case be retried. The *Burks* Court does not impose a preclusive rule upon the evidence that may be used at retrial once the government has met its initial production burden. It erects a double jeopardy barrier only if the prosecution fails to produce sufficient evidence at the first trial. Thus, apart from the requirement that the new evidence conform to the indictment, there is no reason to restrict the government's case at a second trial. By the same token, the defense is also free to present testimony at the retrial which it had not utilized in the first encounter.

We think it pertinent, also, to point out that the sufficiency of the evidence as to all of the defendants under the § 656 counts was challenged on the first appeal. We reviewed the lengthy testimony and found it adequate to sustain the conviction. If the district court's determination to dismiss the indictment was based upon its reassessment of the sufficiency of the evidence, that action was beyond the scope of its authority. In the absence of intervening and superseding appellate decisions, the district court is not free to reevaluate matters that have been decided by the appellate tribunal in the same litigation. We conclude, therefore, that the order of the district court must be vacated so that a new trial may proceed forthwith.

The order of the district court dismissing the indictment will be vacated and a new trial will be ordered.[4]

4. Defendants may be retried only on those counts for which there was sufficient evidence to convict at the first trial. *Burks v. United States, supra.* Accordingly, the new trial must be limited to the following counts of the redacted indictment: as to Gallagher, Count I (§ 371), Counts II through XI, Count XIII, and Count XV (§ 656); as to Fredenburgh, Count I (§ 371), Counts II through XI, and Counts XIII through XV (§ 656); as to McCarthy, Count I (§ 371), and Count VII (§ 656).