## GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff

v.

## MARK ELLIOTT, Defendant

Criminal No. F43/1983

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

October 7, 1983

J'ADA FINCH-SHEEN, Attorney General, By GERALD P. BOGGESS, Assistant Attorney General (Department of Law), St. Thomas, V.I., *for Government*

JOHN J. MAHON, ESQ., St. Thomas, V.I., *for defendant*

FEUERZEIG, *Judge*

## MEMORANDUM OPINION

May a person properly be charged with violating 14 V.I.C. § 2253(a) (1982 Supp.), which prohibits anyone not authorized by law from having, possessing, bearing, transporting, or carrying firearms, either openly or concealed on or about his person, when the firearms were not *on or about his person*? The court decides he may not.

### FACTS

The facts, as described in the affidavit of Officer Calvin Todman, which accompanies the Information, and the representations in the April 6, 1982, "affidavit" of Assistant Attorney General Lawrence Spivack, are not in dispute. An off-duty police officer, while at the Chase Manhattan Bank on the morning of March 16, 1983, spied a pistol in the briefcase of the defendant, Mark Elliott. The officer approached the defendant, identified himself as a policeman, and asked the defendant whether he had a license for the pistol. The

45

defendant said he did not and the officer arrested him. Upon his arrest, the defendant volunteered that although he had no license for the pistol, he did have "papers" for two other guns that he had aboard his motor yacht, which was located at the Yacht Haven Marina. The police then sought a warrant to search the yacht, but before one was issued, the defendant consented to a warrantless search of his yacht.[1] After accompanying two police officers to his yacht, the defendant led them to a drawer in an upper-deck cabin from which he produced two shotguns, fifteen cases of shotgun shells, and fourteen cases of pistol ammunition. An Information was filed on April 5, 1983, charging three separate violations of 14 V.I.C. § 2253(a).[2]

## LAW

Title 14 of the Virgin Islands Code, § 2253(a) (1982 Supp.) entitled "Carrying of firearms; openly or concealed . . ." states:

> Whoever, unless otherwise authorized by law, has, possesses, bears, transports or carries either openly or concealed on or about his person, or under his control in any vehicle of any description any firearm, as defined in Title 23, section 451(d) of this Code, loaded or unloaded, may be arrested without a warrant, and shall be fined not more than $1,000 or imprisoned not more than 2 years, or both . . . .

The defendant argues that because the shotguns were neither on or about his person nor under his control in any vehicle of any description, Counts II and III are not supported by the facts and should be dismissed pursuant to Rule 12(b), Fed. R. Crim. P.[3]

---

[1] A search warrant was issued based upon similar representations that were made to the officers while the defendant was before the court being advised of his rights.

[2] The Information charges:

COUNT I

On or about March 16, 1983, in St. Thomas, Virgin Islands, Mark Elliott did unlawfully possess, bear, transport or carry a firearm, a .380 9mm "Back Up" automatic pistol, in violation of 14 V.I.C. § 2253(a).

COUNT II

On or about March 16, 1983, in St. Thomas, Virgin Islands, Mark Elliott did unlawfully have, possess, bear, transport or carry a firearm, to wit: one (1) 12 gauge shotgun, in violation of 14 V.I.C. § 2253(a).

COUNT III

On or about March 16, 1983, in St. Thomas, Virgin Islands, Mark Elliott did unlawfully have, possess, bear, transport or carry a firearm, to wit: one (1) 12 gauge shotgun, in violation of 14 V.I.C. § 2253(a).

[3] Although ordinarily an indictment or information that is valid on its face may not be challenged by a pretrial motion on the ground that it is not supported by

The Government's position has shifted since the defendant initially moved to dismiss Counts II and III. Originally, the Government argued that (1) a yacht is a vehicle under 14 V.I.C. § 2253(a), and (2) the shotguns were clearly on or about the defendant's person at the time he handed them over to the police officers.[4] Now the Government simply argues "that the defendant *possessed* the shotguns unlawfully and contend[s] that such possession, whether actual or constructive, is in violation of" 14 V.I.C. § 2253(a) (1982 Supp.). (Emphasis in the original.) After reviewing the evolution of § 2253(a) and the statutory scheme in which it is found, the court is convinced that the defendant is correct and Counts II and III will be dismissed.

An examination of the statutes that preceded 14 V.I.C. §§ 2251–2253 and the chapter entitled "Weapons," discloses no intention to make possession of an unlicensed firearm that was *not* on or about one's person a violation of § 2253(a). As far back as 1921 the Municipal Code of St. Thomas and St. John, Title 12, chapter 12, section 3, made it unlawful "If any person shall carry concealed on or about his person, any pistol. . . ."

With the enactment on May 16, 1957, of the Virgin Islands Code,[5] §§ 2251–53 of Title 14 appeared for the first time. While derived from the 1921 Municipal Codes of St. Thomas and St. John and St. Croix, they were rewritten upon the recommendation of the Code Advisory Committee to follow the New York Penal Law § 1897 (Consol. 1944).[6] The New York Penal Law not only contained the provision that was included with slight changes in 14 V.I.C. § 2252 (1964), which penalized "whoever has or carries concealed upon his

---

adequate evidence, United States v. Gallagher, 602 F.2d 1139 (3d Cir. 1979), cert. denied, 444 U.S. 1040 (1980), both parties agree to the accuracy of the facts contained in the affidavit in support of the information. Therefore, the issue presented is purely legal and appropriately before the court.

[4] In its latest memorandum the Government states: "We do not claim that the defendant did unlawfully bear the shotgun on or about his person . . . nor do we claim that he had them, or transported or carried them . . . under his control in his vehicle of any description . . . ." Although the Government no longer presses these arguments, the court was not then and is not now persuaded by them. Virgin Islands statutes make it clear that a "yacht" is not a vehicle within the meaning of a "vehicle" as used in § 2253. Compare the definition of "vehicle" and "vessel" in 1 V.I.C. § 41 (1967) with the definition of "vehicle" in 14 V.I.C. § 1381 (1982 Supp.) and the lack of a definition of vehicle anywhere in chapter 113 of Title 14 as well as 14 V.I.C. § 2253(a).

[5] 1957 V.I.C. Acts 160.

[6] See Revision Notes following 14 V.I.C. §§ 2251–2253 (1964).

person any pistol, revolver, or other firearm without a written license therefor,"[7] but also a provision penalizing constructive possession of any pistol, revolver, or firearm of a size that may be concealed upon one's person.[8] The portion of the New York Law penalizing constructive possession, though, was not adopted by the Legislature. It is evident, therefore, that the subsection of New York law that the Virgin Islands Legislature adopted *did not* penalize constructive possession of a firearm.[9] Instead, it penalized having or carrying a firearm *upon one's person.*

On October 25, 1972, the statute at issue, 14 V.I.C. § 2253 was amended and the Legislature eliminated certain exemptions from the prohibitions of §§ 2251 and 2252.[10] In their place was inserted the following:

---

[7] New York Penal Law § 1897(5) (Consol. 1944) provides:

5. Any person over the age of sixteen years, who shall have or carry concealed upon his person in any city, village or town of this state, any pistol, revolver, or other firearm without a written license therefor, issued as hereinafter prescribed and licensing such possession and concealment, shall be guilty of a misdemeanor, and if he has been previously convicted of any crime he shall be guilty of a felony.

[8] New York Penal Law § 1897(4) (Consol. 1944) provides:

4. Any person over the age of sixteen years, who shall have in his possession in any city, village or town of this state, any pistol, revolver or other firearm of a size which may be concealed upon the person, without a written license therefor, issued to him as hereinafter prescribed, shall be guilty of a misdemeanor, and if he has been previously convicted of any crime he shall be guilty of a felony.

[9] Constructive possession as used in this opinion means that a person who, although not in actual possession, knowingly has both the power and intention at a given time to exercise dominion and control over a thing, either directly or through another person or persons. United States v. Bonham, 477 F.2d 1137 (3d Cir. 1973).

[10] 14 V.I.C. §§ 2251–2253 before the 1972 change read:

§ 2251. *Carrying or using dangerous weapons*
Whoever—

(1) attempts to use against another an imitation pistol;

(2) carries or possesses any instrument or weapon of the kind commonly known as a blackjack, slingshot, billy, sandclub, sandbag, metal knuckles, bludgeon, or

(3) with intent to use the same unlawfully against another, carries or possesses a dagger, dirk, dangerous knife, razor, stilleto, imitation pistol, machine gun, sawed-off shot-gun or any other dangerous or deadly weapon—

shall be fined not more than $200 or imprisoned not more than 1 year; or if he has previously been convicted of a felony, shall be imprisoned not more than 5 years.

§ 2252. *Carrying concealed firearms*

Whoever has or carries concealed upon his person any pistol, revolver, or other firearm without a written license therefor, shall be fined not more than $500 or imprisoned not more than 1 year, or both; or if he shall have been convicted of a felony, shall be imprisoned not more than 5 years.

§ 2253. *Exceptions*

The provisions of sections 2251 and 2252 of this title shall not apply to—

48

Whoever possesses, transports, carries, or has under his proximate control any dangerous or deadly weapon during the commission or attempted commission of a crime of violence (as defined in section 451(e) of Title 23, Virgin Islands Code) shall be incarcerated for a term of imprisonment of not less than 18 months . . . 1972 V.I. Acts 3321, § 4.

This section penalized the possession of any dangerous or deadly weapon, licensed or not, during the commission or attempted commission of a crime of violence. Constructive possession, though, was not addressed.

Again, though, the Legislature on May 16, 1974, amended chapter 113 of Title 14, 1974 V.I. Acts 3566, and section 2253, as amended by Act No. 3321, was deleted and replaced by a new § 2253. That version of § 2253 was substantially identical to what had been 23 V.I.C. § 477 (1970),[11] which was contained in the chapter entitled, "Control of Firearms and Ammunition," the same chapter that prohibited constructive possession of an unlicensed firearm. The Legislature, therefore, demonstrated a clear awareness of the provisions of Title 23, chapter 5, when in 1974 it enacted the version of 14 V.I.C. § 2253(a) with which the defendant is charged.[12]

■ Thus, it can be seen that the possession and licensing of firearms have been regulated in the Virgin Islands at least since 1921, and that provisions respecting firearms are found in two separate titles of the Virgin Islands Code, Titles 14 and 23. With the enactment of the Virgin Islands Code, the laws relating to the control of

---

(1) marshals, police officers or other duly authorized peace officers;
(2) members of the armed services of the United States when on duty;
(3) military or civil organizations when parading, or to the members thereof when at, going to or coming from their usual place of assembly; or
(4) persons employed in fulfilling defense contracts with the United States Government or agencies therefor where such possession or use of such weapons is necessary under the provisions of such contracts.

[11] 23 V.I.C. § 477 (1970), in pertinent part, provided:

(a) Whoever, unless otherwise authorized by law, has, possesses, bears, transports or carries either openly or concealed on or about his person, or under his control in any vehicle of any description any firearm, loaded or unloaded, except in his dwelling house or place of business or on other land possessed by him, may be arrested without a warrant, and shall be fined not more than $500 or imprisoned not more than 1 year, or both.

For the text of § 2253(a) as it now reads, and a comparison with 23 V.I.C. § 477 (1970), see pages 46 and 47, *supra*.

[12] On May 24, 1983, *after* the defendant was charged, the Legislature enacted further amendments to 14 V.I.C. §§ 2253 and 2254. 1983 V.I. Acts, No. 4825. Those amendments are not now before the court.

firearms and ammunition were codified in Title 23, chapter 5, and laws making certain weapons offenses a crime were included in Title 14, chapter 113. Included in chapter 5 of Title 23 is § 452 (1970), which provides: "No person shall have, bear, transport or carry a firearm within the Virgin Islands . . . except in compliance with the provisions of this chapter." Also included are §§ 453 and 454, which spell out who may carry and who may obtain licenses to possess firearms. Violation of this chapter is punishable by a fine of not more than $100 or a term of imprisonment of not more than six months, or both. 23 V.I.C. § 484 (1970). Thus, chapter 5 of Title 23 of the Virgin Islands Code provides for penalizing constructive possession of an unlicensed firearm. Moreover, 23 V.I.C. chapter 5 makes constructive possession or transportation of an unlicensed firearm a misdemeanor, while 14 V.I.C. § 2253(a) (1982 Supp.) makes specific types of unauthorized possession of a firearm a felony.

 Consequently, after reviewing the evolution of 14 V.I.C. § 2253(a) (1982 Supp.) and the statutory scheme in which it is set, the court is persuaded that that section does not address constructive possession of a firearm, but only penalizes a person who unless authorized by law has, possesses, bears, transports, or carries a firearm *on or about his person.* This conclusion is buttressed by the principle of statutory construction that penal statutes be strictly construed and that one is not to be subjected to penalty unless the words of the statute impose it. United States v. Compos-Serrano, 404 U.S. 293 (1983). Counts II and III of the Information therefore will be dismissed with prejudice.

## ORDER

For the reasons stated in the Memorandum Opinion issued this day, it is ORDERED that Counts II and III of the Information are dismissed.