UNITED STATES of America

v.

Ronald GALATI.

Crim. A. No. 94–138–01.

United States District Court, E.D. Pennsylvania.

May 18, 1994.

---

Brian P. Kenney, Frederick P. Santarelli, Elliott, Vanaskie & Riley, Gerald Lawrence, Jr., Blue Bell, PA, for Ronald L. Galati.

## MEMORANDUM/ORDER

KATZ, District Judge.

**AND NOW,** this 18th day of May, 1994, upon consideration of Defendant Ronald L. Galati's Pre–Trial Motion to Dismiss RICO Counts and the government's response, it is hereby **ORDERED** that the defendant's Motion is **DENIED.**

## I. BACKGROUND

Count 1 of the instant indictment (the "Indictment") charges defendant Ronald Galati with violating 18 U.S.C. § 1962(c), a subsection of the Racketeer Influenced and Corrupt Organizations ("RICO") chapter. 18 U.S.C. § 1961, et seq. Count 55 of the Indictment provides a corresponding forfeiture charge. Counts 1 and 55 are the sole RICO Counts in

1. The fifty-five count Indictment also charges Defendant Galati with thirty-nine (39) counts of mail fraud (Counts 2 through 40), one (1) count of bankruptcy fraud (Count 41), six (6) counts of making false statements to a United States bankruptcy court (Counts 42 through 47), two (2)

the Indictment.[1]  Section 1962(c) prohibits any "person" employed by or associated with any "enterprise" from conducting or participating in the "conduct of such enterprise's affairs through a pattern of racketeering activity or a collection of unlawful debt." 18 U.S.C. § 1962(c). For RICO purposes a person is defined as "any individual or entity capable of holding a legal or beneficial interest in property." 18 U.S.C. § 1961(3). A RICO "enterprise" may be "any individual partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). For example, an enterprise may be the association of a corporation and a group of individuals. *See e.g., Glessner v. Kenny,* 952 F.2d 702, 711–12 (3d Cir.1991). The term "enterprise" encompasses both legitimate and illegitimate enterprises. *United States v. Turkette,* 452 U.S. 576, 101 S.Ct. 2524, 69 L.Ed.2d 246 (1981). However, the "pattern of racketeering activity" may not itself be the enterprise. *Id.* at 583, 101 S.Ct. at 2528–29. That is, the enterprise must have an existence beyond that which is required to carry out the pattern of racketeering. *Id.*

With respect to the enterprise charged in this matter, Count 1 of the Indictment states:

1. At times relevant to this indictment, defendant RONALD L. GALATI was the owner and operator of Ron Galati Auto Body, Incorporated ("Galati Auto Body") located at 1118 and 1120–1124 South 12th Street, Philadelphia, Pennsylvania.

2. At times relevant to this indictment, Galati Auto Body was engaged in the business of providing auto body repairs, including but not limited to, auto body work and painting.

3. In or about September, 1992, defendant RONALD L. GALATI transferred the business of Galati Auto Body at which time the name of the business was changed from Galati Auto Body to Drive–In Auto

counts of making false declarations before a grand jury (Counts 48 and 49), one (1) count of obstruction of justice (Count 53) and one count of threatening to kill a federal law enforcement officer (Count 54).

Body, Incorporated (Drive–In Auto Body) and the business continued to operate at 1120–1124 South 12th Street, Philadelphia, Pennsylvania and the adjacent property at 1118 South 12th Street, Philadelphia, Pennsylvania.

4. At times relevant to this indictment, the duties and responsibilities of defendant RONALD L. GALATI, doing business as Galati Auto Body and Drive–In Auto Body, included communicating with various insurance appraisers regarding estimates for vandalized and damaged vehicles and submitting invoices for auto body repairs and painting to insurance companies for payment.

## THE ENTERPRISE

5. At all times relevant to this indictment, the auto body business located at 1118 and 1120–1124 South 12th Street, Philadelphia, Pennsylvania, commonly known as Galati Auto Body and Drive–In Auto Body, constituted an enterprise as that term is defined in Title 18, United States Code, Section 1961(4), which was engaged in, and the activities of which affected, interstate commerce.

Indictment pages 2, 3, ¶¶ 1–5 (emphasis original).

Defendant Galati's instant motion seeks dismissal of Counts 1 and 55 on the ground that the existence of a RICO enterprise is an essential element of the crime charged and that the Indictment, by its terms, precludes the government from proving that the "business located at 1118 and 1120–1124 South 12th Street" (the "12th Street Business") was a RICO enterprise. Def's. Mem. pp. 7–8. The defendant specifically contends:

1. The "person" charged with violating § 1962(c) must be distinct from the alleged "enterprise". Defendant Galati, the person charged, and the enterprise, the 12th Street Business, are not sufficiently distinct as required by *Lorenz v.*

*CSX Corp.,* 1 F.3d 1406 (3d Cir.1993) and related precedent;

2. The "enterprise" must be more than an intangible concept. The Indictment's identification of the enterprise as is insufficient under *Steco v. S & T Mfg. Inc.,* 772 F.Supp. 1495 (E.D.Pa.1991); and,

3. There is no RICO violation where the defendant person's predicate acts are unrelated to the identified RICO enterprise or the person's association with it. The Indictment fails to identify a sufficient nexus between defendant Galati's alleged culpable activities and the 12th Street Business as required by *United States v. Provenzano,* 688 F.2d 194, 200 (3d Cir.1982) and *United States v. Dennis,* 458 F.Supp. 197 (E.D.Mo.1978).[2]

### Sufficiency of an Indictment

■ The Federal Rules of Criminal Procedure require that an indictment shall be a plain, concise and definite written statement of the essential facts constituting the offense charged. Fed.R.Crim.P. 7(c)(1). An indictment is sufficient if it includes the elements of the offense intended to be charged, apprises the defendant of what he or she must be prepared to meet at trial, and enables the defendant to show with accuracy to what extent he or she may plead an acquittal or conviction as a bar to subsequent prosecution. *United States v. Shirk,* 981 F.2d 1382, 1389 (3d Cir.1992) (citing *Russell v. United States,* 369 U.S. 749, 763–64, 82 S.Ct. 1038, 1046–47, 8 L.Ed.2d 240 (1962)). In other words, "no greater specificity than the statutory language is required so long as there is sufficient factual orientation to permit the defendant to prepare his defense and to invoke double jeopardy in the event of a subsequent prosecution." *Id.* (citing *United States v. Olatunji,* 872 F.2d 1161, 1166 (3d Cir. 1989)). The test is not whether an indictment could have been framed in a more satisfactory manner but whether it conforms to minimal constitutional standards. *United States v. Olatunji,* 872 F.2d 1161, 1168 (3d

---

**2.** In *Dennis,* the defendant, an employee, was alleged to have conducted a loan-sharking operation at his place of employment. The identified RICO enterprise was the defendant's employer. The court, on its own motion, held that there was not a sufficient nexus between the loan-sharking and the conduct of the enterprise and, accordingly, the court dismissed the section 1962(c) count. *Dennis,* 458 F.Supp. at 198–99.

Cir.1989). The sufficiency of an indictment may not be properly contested by a pretrial motion on the ground that the indictment is not supported by adequate evidence.[3] *United States v. Donsky,* 825 F.2d 746 (3d Cir. 1987) (citing *United States v. Gallagher,* 602 F.2d 1139 (3d Cir.1979)).[4] The indictment should be read as a whole and interpreted in a common-sense manner. 8 Moore's Federal Practice ¶ 7.04 (2d ed. 1988). It is contrary to Rule 7 and the Rules generally to take counts of an indictment out of context and ignore their plain meaning. *Id.*

## Essential Elements of RICO

Four elements are necessary to make out a claim under section 1962(c); "[the prosecution] must allege (1) the existence of an enterprise affecting interstate commerce; (2) that the defendant was employed by or associated with the enterprise; (3) that the defendant participated, either directly or indirectly, in the conduct or the affairs of the enterprise; and (4) that he or she participated through a pattern of racketeering activity that must include the allegation of at least two racketeering acts." *Shearin v. E.F. Hutton Group, Inc.,* 885 F.2d 1162, 1165 (3d Cir.1989); *United States v. Garner,* 837 F.2d 1404, 1419 (7th Cir.1987), *cert. denied,* 486 U.S. 1035, 108 S.Ct. 2022, 100 L.Ed.2d 608 (1988).

## Association and Distinctiveness

At trial the prosecution must prove that the defendant person, the enterprise and the pattern of racketeering activity are associated but, nevertheless distinct. By its terms Section 1962(c) requires an association between the defendant person and the identified RICO enterprise. *Shearin v. E.F. Hutton Group, Inc.,* 885 F.2d 1162, 1165 (3d Cir.1989). Section 1962(c) requires that the

defendant person be "employed by or associated with" the RICO enterprise and "conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity...." 18 U.S.C. § 1962(c); *United States v. Provenzano,* 688 F.2d 194 (3d Cir.1982). There can be no RICO violation where the defendant's predicate acts of racketeering activity are unrelated to the enterprise. *Provenzano,* 688 F.2d at 200 (citing *United States v. Scotto,* 641 F.2d 47 (2d Cir.1980), *cert. denied,* 452 U.S. 961, 101 S.Ct. 3109, 69 L.Ed.2d 971 (1981)). Therefore, a violation of Section 1962(c) requires a "nexus" between the defendant person, the enterprise and the pattern of racketeering activity. *Id.*

The Third Circuit has stated that such a nexus between the defendant person, the enterprise and the pattern of racketeering activity exists when:

(1) One is enabled to commit the predicate offenses solely by virtue of his position in the enterprise or involvement in or control over the affairs of the enterprise; or

(2) the predicate offenses are related to the activities of that enterprise.

*Provenzano,* 688 F.2d at 200 (citations omitted). Section 1962(c) does not require that the enterprise benefit from the pattern of racketeering activity. *Provenzano,* 688 F.2d at 200; *United States v. Salvitti,* 451 F.Supp. 195 (E.D.Pa.), *aff'd mem.,* 588 F.2d 822 (3d Cir.1978). However, as previously mentioned, section 1962(c) does require that the alleged enterprise have an existence separate and apart from the pattern of racketeering activity. *See United States v. Riccobene,* 709 F.2d 214, 223–24 (3d Cir.), *cert. denied,* 464 U.S. 849, 104 S.Ct. 157, 78 L.Ed.2d 145

**3.** In *United States v. Knox,* 396 U.S. 77, 90 S.Ct. 363, 24 L.Ed.2d 275 (1969), "the Court observed that Fed.R.Crim.P. 12(b)(1) cautions the trial judge to consider on a motion to dismiss the indictment only those objections that are 'capable of determination without the trial of the general issue,' and that evidentiary questions should not be determined at that stage." *Donsky,* 825 F.2d at 751 (quoting *Knox,* 396 U.S. at 90, 90 S.Ct. at 285–86).

**4.** In discussing whether a facially valid indictment could be dismissed prior to the receipt of evidence the Third Circuit concluded that a dismissal or a directed verdict may be ordered prior to the receipt of evidence when the prosecution has made a clear and deliberate concession which must necessarily prevent a conviction, and then only after the prosecution has been given a full opportunity to correct any such errors or omissions in its opening statement. *Donsky,* 825 F.2d at 751–52 (citing *United States v. Dietrich,* 126 F. 676, 677 (8th Cir.1904)).

(1983). In *Riccobene,* the court described the relationship between the enterprise and the "pattern of racketeering" elements in the following manner:

> It is not necessary to show that the enterprise has some function wholly unrelated to the racketeering activity, but rather that it has an existence beyond that which is necessary merely to commit each of the acts charged as predicate racketeering offenses.

*Riccobene,* 709 F.2d at 223–24.

In addition, while Section 1962(c) requires an association between the defendant person, the RICO enterprise and the predicate racketeering offenses, the statute's remedial purpose mandates that the defendant person and the identified RICO enterprise be distinct. In *B.F. Hirsch v. Enright Refining Co.,* 751 F.2d 628 (3d Cir.1984), the Third Circuit held that the defendant person charged with section 1962(c) RICO violation cannot be the same entity as the RICO enterprise. The *Enright* Court reasoned that because Congress was concerned with preventing the takeover of legitimate businesses by criminals or corrupt organizations, section 1962(c) should be used against "the infiltrating criminals rather than the legitimate corporation which might be an innocent victim of the racketeering activity in some circumstances." *Glessner v. Kenny,* 952 F.2d 702, 710 (3d Cir.1991) (discussing *Enright,* 751 F.2d at 634). Applying this principle, the *Enright* Court reasoned that because Enright Refining Company was the enterprise through which the racketeering activity was conducted, it could not be found liable as the defendant person and, accordingly, the Court vacated the section 1962(c) RICO judgment against Enright Refining Company. *Enright,* 751 F.2d at 633–34; *Glessner,* 952 F.2d at 710; *see also Haroco v. American Nat'l Bank & Trust Co.,* 747 F.2d 384, 401–02 (7th Cir.1984), *aff'd,* 473 U.S. 606, 105 S.Ct. 3291, 87 L.Ed.2d 437 (1985). This requirement of distinctiveness between the RICO enterprise and the allegedly culpable person is known in the Third Circuit as the *Enright* or distinctiveness rule. *See e.g., Glessner,* 952 F.2d at 711.

Application of the distinctiveness rule in subsequent actions where an allegedly culpable person is in a position to exercise control over the RICO enterprise has sharpened the contours of the distinctiveness rule. In *Brittingham v. Mobil Corp.,* 943 F.2d 297 (3d Cir.1991), the Third Circuit held that without additional allegations, a subsidiary corporation, while a separate legal entity, "cannot constitute the enterprise through which a defendant parent corporation [the "person"] conducts racketeering activity." *Brittingham* 943 F.2d at 302–03. In *Brittingham,* individual purchasers of Hefty "degradable" garbage bags brought suit, alleging that the bags were misleadingly advertised as less harmful to the environment than other types of bags. Plaintiffs named Mobil Corporation and its affiliate, Mobil Chemical Company, as defendant persons. The identified RICO enterprise was the "association in fact" of the two affiliated Mobil companies, the advertising agencies engaged by them, and other entities that participated in the marketing of the degradable garbage bags. *Brittingham,* 943 F.2d at 300. Noting that a corporation must always act through its employees and agents, the Third Circuit held that for the purposes of section 1962(c) the defendant corporations (Mobil and Mobil Chemical) were not distinct from the alleged "association in fact enterprise" comprised of the defendant corporations, their employees and their agents. *Id.* at 301; *Lorenz,* 1 F.3d at 1411–13. However, the Third Circuit also noted that "individual defendants in contrast to collective entities, are generally distinct from the enterprise through which they act." *Brittingham,* 943 F.2d at 302.

In *Glessner,* when confronted with a section 1962(c) claim involving affiliated corporations, the Third Circuit, held that neither the parent corporation nor its subsidiary could realistically serve as the enterprise through which one or the other can be viewed as distinct a "person" conducting a pattern of racketeering activity. *Glessner,* 952 F.2d at 711. In addition, the *Glessner* Court, referring to the statement in *Brittingham* that individual defendants are generally distinct form the enterprise, considered whether individual defendants who were officers and employees of the affiliated corporations could be

defendant persons conducting a pattern of racketeering through the corporations as a RICO enterprise. *Id.* at 713. Relying on the reasoning articulated in *Petro–Tech, Inc. v. Western Co. of North America,* 824 F.2d 1349 (3d Cir.1987), and implicit in *Banks v. Wolk,* 918 F.2d 418 (3d Cir.1990), the *Glessner* Court stated with respect to the plaintiffs' claim of distinctiveness between the individual corporate officers as defendants and the association in fact enterprise of the parent corporation and its subsidiary:

> Although that is a viable theory under RICO, this is not the appropriate case in which it can be applied. As we explained in *Petro–Tech,* "section 1962(c) was intended to govern only those instances in which an "innocent" or passive "corporation" is victimized by RICO persons and either drained of its own money or used as a passive tool to extract money from third parties." Such an interpretation avoids the absurd result that a corporation may always be pled to be the enterprise controlled by its employees or officers.

*Glessner,* 952 F.2d at 713; *Petro Tech,* 824 F.2d at 1359 (district court dismissal of RICO claims against corporate officers acting through corporate enterprise reversed). Thus, to prove a RICO violation two characteristics of the relationship between the defendant person, the RICO enterprise and the pattern of racketeering activity that are possibly in tension but are not mutually exclusive, must be demonstrated:

1. A "nexus" or association between the defendant person, the RICO enterprise and the pattern of racketeering activity; and

2. A sufficient distinction between both (a) the defendant person and the RICO enterprise and (b) the RICO enterprise and the pattern of racketeering activity.

*Glessner,* 952 F.2d at 710–14.

## II. ANALYSIS

With the standards for the sufficiency of an indictment, the essential elements of a section 1962(c) claim and the case law regarding association and distinctiveness in mind, the defendant's contentions regarding the Indictment will be addressed.

The court finds that Count One of the Indictment includes the essential elements of a section 1962(c) violation. The Indictment apprises the defendant of what he must be prepared to meet at trial, and it enables the defendant to show with accuracy to what extent he may plead an acquittal or conviction as a bar to subsequent prosecution. *Shirk,* 981 F.2d at 1389. The court finds, as the well researched instant motion demonstrates, that the Indictment provides a sufficient factual orientation to permit the defendant to prepare his defense. *Id.* The defendant's motion does not challenge the facial sufficiency of the indictment. Instead, the defendant prematurely claims that the allegations in the indictment preclude the government from proving a violation of section 1962(c). *Donsky,* 825 F.2d at 750–52.

■ The defendant's first contention with regard to Count One of the Indictment is that "on its face" the Indictment negates any possible distinctiveness between the enterprise, the 12th Street Business and the defendant, Mr. Galati, because the Indictment states that the 12th Street Business was for a time owned, operated and controlled by defendant Galati. Def's Mem. pp. 14–16 (citing references in the Indictment to the 12th Street Business as "his" or "Ronald Galati's" auto body shop). In support of this contention the defendant cites an array of cases where courts granted individual defendants' motions to dismiss or motions for summary judgment on section 1962(c) for lack of distinctiveness. Def's.Mem. pp. 11–18 (citing, for example, *Olick v. Dippel,* 1993 WL 313363, 1993 U.S.Dist. LEXIS 12986, (E.D.Pa. August 5, 1993); *Rolo v. City Investing Co. Liquidating Trust,* 845 F.Supp. 182 (D.N.J.1994); *Pell v. Weinstein,* 759 F.Supp. 1107 (M.D.Pa.1991)). Although these cases were decided under a different procedural posture, they are instructive. In each of these cases the court found the individual defendants' alleged wrongful conduct to be within the course of the defendant carrying out the affairs of the RICO enterprise. *See e.g., Olick,* 1993 WL 313363, at *5–6, 1993 U.S.Dist. LEXIS 12986, at *17–*22 (the "enterprise", a conspiracy to encourage defamatory complaints against plaintiff

was not sufficiently distinct from the defendant members of the conspiracy who encouraged such complaints); *Pell,* 759 F.Supp. at 1117 ("Significantly, plaintiffs do not allege that the officer and director defendants committed acts of racketeering activity in their individual capacities. Instead they allege that the [defendants] acted as officers of [the enterprise].").

In the instant case, the Indictment does not mandate a finding that defendant Galati's culpable actions were exclusively within the affairs of the 12th Street Business. The identified RICO enterprise is the 12th Street Business. Indictment ¶ 5. Defendant Galati's alleged acts of racketeering include: participation in fraudulent schemes to report to insurance companies that vehicles were stolen, vandalized or damaged when, in fact, they were not stolen or vandalized, or were stolen, damaged or vandalized by defendant Galati or at defendant Galati's direction (Racketeering Acts 1–9); bankruptcy fraud (Racketeering Act 10); and, obstruction of justice (Racketeering Act 11). Indictment pp. 7–12. Viewing the Indictment facially, it would be consistent with the Indictment to find that defendant Galati engaged in a pattern of culpable conduct and the separate and passive existence of the 12th Street Business made such conduct possible and/or profitable. *See United States v. Feldman,* 853 F.2d 648, 656 (9th Cir.1988) (association in fact of corporations and individuals charged as RICO enterprise existed separate and apart from individual defendant who exercised control over such corporations and individuals). For example, on a similar but significantly more detailed factual record, the *Feldman* Court held that a reasonable jury could find that the separate existence of an association in fact enterprise comprised of businesses controlled by an individual defendant made that defendant's racketeering activities possible, and that such a finding was consistent with the distinctiveness rule. *Id.* With respect to the defendant's relationship with the RICO enterprise the *Feldman*

Court went on to comment that "it is just this sort of legal shield for illegal activity that RICO tries to pierce." *Id.* Count One cannot be dismissed on the ground that the Indictment precludes a finding of distinctiveness.

■ The defendant's second contention is that the Indictment does not specify an appropriate enterprise. Specifically, the defendant claims: (1) that a "business" is not a legal entity and therefore the 12th Street Business cannot be a RICO enterprise; and (2) that a corporation and its successor cannot be viewed as a singular entity, the RICO statute contemplates a singular entity as the RICO enterprise and, therefore, the 12th Street Business cannot be a RICO enterprise. Def's.Mem. pp. 18–21 (citing *Steco, Inc. v. S & T Mfg., Inc.,* 772 F.Supp. 1495 (E.D.Pa.1991)). "[A]ny individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity may be a RICO enterprise. 18 U.S.C. § 1961(4). By its terms, RICO contemplates enterprises that are not legal entities. *See Turkette,* 452 U.S. at 583, 101 S.Ct. at 2528–29.[5] A RICO enterprise may consist of an association of businesses and individuals. *See Shearin,* 885 F.2d at 1165–66 (held complaint alleged a proper section 1962(c) claim against three corporate defendants when the enterprise was alleged to be an association of the three corporations); *Feldman,* 853 F.2d at 657–658. Count One cannot be dismissed on the ground that the Indictment precludes the finding of a RICO enterprise.

The defendant's third contention is that the Indictment precludes a finding of a nexus or association between the alleged illegal activities of the defendant and the identified RICO enterprise. Def Mem. pp. 21–25. Nothing in the Indictment precludes a finding that the alleged illegal activities were sufficiently related to the identified RICO enterprise. *See Banks v. Wolk,* 918 F.2d

---

5. In *Olick,* a case cited to the court by the defendant, the court held that "all the plaintiff must do to plead adequately a RICO enterprise is identify the entities that he believes were the enterprises that have been marshalled against him." *Olick,*

1993 WL 313363 *2, 1993 U.S.Dist. LEXIS 12986 *8 (citing *Seville Indus. Machinery v. Southmost Machinery,* 742 F.2d 786, 790 (3d Cir.1984).

418, 424–25 (3d Cir.1990); *Provenzano,* 688 F.2d at 200.

Because Count One cannot be dismissed, Count Fifty-five cannot be dismissed.