**UNITED STATES of America,
Plaintiff-Appellant,**

v.

**Jack KING and Terry Jackson,
Defendants-Appellees.**

**Nos. 77–1848, 77–1849.**

United States Court of Appeals,
Tenth Circuit.

Submitted May 8, 1978.

Decided July 26, 1978.

Ronald L. Rencher, U. S. Atty., Steven W. Snarr, Asst. U. S. Atty., Salt Lake City, Utah, for plaintiff-appellant.

Harold G. Christensen, Salt Lake City, Utah, for defendants-appellees.

Before HILL, BARRETT and DOYLE, Circuit Judges.

HILL, Circuit Judge.

Appellees King and Jackson were charged by information with the petty offense of construction of a road or trail within the Capitol Reef National Park in April, 1976, without a valid National Park Service construction permit, in violation of

16 U.S.C. § 3 as implemented in 36 C.F.R. §§ 1.3(a) and 5.7 (1976), and 18 U.S.C. § 2. The United States brings this appeal from a pretrial dismissal of the information.

Before commencement of a trial, appellees moved for dismissal of the information, contending in essence that their conduct did not constitute a violation of the statutes charged.[1] Although no evidence was presented at the hearing on their motion, appellees' counsel explained the factual background of the charges, as follows:

King is a cattle rancher. He has, for some years, obtained permits to trail his cattle between summer and winter pastures across what is known as Old Creek Trail, which traverses the Capitol Reef National Park. In April, 1976, prior to trailing his cattle, he inspected the trail and discovered it was not passable. King contracted with Jackson to bulldoze the obstructed portion of the trail. King forwarded Jackson's bill to the Bureau of Land Management with a request for payment. The Bureau indicated it could not pay the bill and, in turn, forwarded it to the National Park Service, whereupon the petty offense information was filed.

Counsel for appellees stated that the facts were undisputed; the government's counsel stated there was a factual dispute regarding King's permit. He added that the government contended the statute was violated when Jackson drove his Caterpillar approximately one mile across virgin desert to gain access to the obstructed trail. The district court granted appellees' motion.

As this is an appeal by the government in a criminal case, our first inquiry must be the matter of appellate jurisdiction. Section 3731, Title 18 U.S.C., authorizes appeals by the government from final orders in criminal cases whenever subsequent prosecution would not be barred by the double jeopardy clause. *Serfass v. United States,* 420 U.S. 377, 95 S.Ct. 1055, 43 L.Ed.2d 265

(1975). Appellees contend that subsequent prosecution in the present case would violate the double jeopardy clause. The Supreme Court's holding in *Serfass v. United States, supra,* is dispositive.

The defendant in *Serfass* was charged with willful failure to report for induction in the armed services. The trial court dismissed the indictment on the defendant's pretrial motion based upon the failure of the local draft board to state adequate reasons for denial of his request for reclassification to conscientious objector status. In ruling on the motion, the district court considered the local board's records and an affidavit setting forth the evidence to be adduced at trial. The defendant argued that, although the matter had not proceeded to trial before the trier of fact, the court's consideration of matters outside the face of the indictment constituted "constructive jeopardy" and rendered the dismissal in essence an acquittal from which no appeal could be taken. The Court held that the double jeopardy clause is not implicated until a proceeding commences before the trier of fact having jurisdiction to try the question of the guilt or innocence of the accused. Until that time, the district court is without power to do more than rule on the motion to dismiss. Because the district court's ruling came before the point at which jeopardy attached, the Court held subsequent prosecution was not barred. "[A]n accused must suffer jeopardy before he can suffer double jeopardy." 420 U.S. at 393, 95 S.Ct. at 1065.

■ The appealed order in the case at bar disposed of appellee's motion at a stage in the proceedings before the trier of fact commenced to take evidence. Subsequent prosecution is not barred by the double jeopardy clause, and the government's appeal is proper.

■ Appellant's principal argument is that the district court was without authori-

---

1. Appellees alleged in their motion that the Old Creek Trail was constructed many years ago; that King had used the trail previously for trailing stock pursuant to permits issued by the Bureau of Land Management; and that he had a permit for that purpose in 1976. They further alleged that because no crime was committed by King, Jackson could not be liable as an aider or abettor.

ty to dismiss the information on the grounds asserted. Because the doctrine of separation of powers is implicated by judicial interference with the decision to prosecute, a trial judge has no inherent authority to end a prosecution. He may not do so in the absence of legal grounds for dismissal. *United States v. Hudson,* 545 F.2d 724 (10th Cir. 1976).

Although the district judge did not articulate his reasons for granting the motion, the inescapable conclusion from examination of the record is that he did so upon the basis that appellees' conduct did not constitute a violation of the statute charged. No other ground was asserted in the motion or in argument, and no other ground was inquired into by the district judge.

■ Rule 12(b), Fed.R.Crim.P., provides in part, "Any defense, objection, or request which is capable of determination without the trial of the general issue may be raised before trial by motion." The matter raised by appellees' motion was not "capable of determination without the trial of the general issue." It was the general issue. Until the matter is put to trial before the trier of fact, the district court has no jurisdiction to decide a defendant's innocence or guilt. The Supreme Court so held in *Serfass v. United States, supra:*

> Under our cases jeopardy had not yet attached when the District Court granted petitioner's motion to dismiss the indictment. Petitioner was not then, nor has he ever been, "put to trial before the trier of facts." The proceedings were initiated by his motion to dismiss the indictment. . . . *In such circumstances, the District Court was without power to make any determination regarding petitioner's guilt or innocence.*

420 U.S. at 389, 95 S.Ct. at 1063 (emphasis added).

■ Certainly an information or indictment may be dismissed if it is insufficient to charge an offense. But it may not be properly challenged by a pretrial motion on the ground that it is not supported by adequate evidence.

The Fifth Circuit case of *United States v. Mann,* 517 F.2d 259 (1975), *cert. denied,* 423 U.S. 1087, 96 S.Ct. 878, 47 L.Ed.2d 97, is analogous. Prior to trial, the defendant moved to dismiss an indictment charging him with embezzlement in obtaining a loan. He alleged that it was insufficient because the loan was lawful. The trial judge permitted introduction of evidence concerning the loan at the hearing and granted the motion. The Fifth Circuit reversed, holding the trial court erred in considering the evidence:

> Defendants continue to maintain here, as they did in the district court, that the indictment is insufficient to allege an offense against the United States. But they erroneously predicate this contention on evidence outside the indictment which they introduced at the hearing on the motion to dismiss. As we have pointed out above, such evidence is irrelevant to a determination of whether the indictment itself is legally sufficient.

517 F.2d at 267.

Appellees in the present case made no contention that the information did not charge an offense against the United States. Although the district judge did not receive evidence, he dismissed the information on the basis that appellees' conduct, as explained by counsel, did not constitute the violation charged. The dismissal was in effect a determination of guilt made at a point in the proceedings when the district judge was without jurisdiction to render it.

We express no opinion on the ultimate outcome in the event the government elects to proceed with prosecution.

Reversed.