STATE of North Dakota, Plaintiff
and Appellee,

v.

Morris C. LAWSON, Defendant
and Appellant.

Cr. No. 826.

Supreme Court of North Dakota.

July 1, 1982.

· Robert G. Hoy, Cass County State's Atty., Fargo, for plaintiff and appellee; argued by Larry E. Stern, Asst. State's Atty.

Kraemer, Beauchene and Associates, Fargo, for defendant and appellant; argued by Kip M. Kaler, Fargo.

PEDERSON, Justice.

■ Morris C. Lawson was convicted on two counts of gross sexual imposition. Judgment was entered on December 14, 1981. On December 23, 1981, the court issued an order extending the time for filing a notice of appeal by 30 days. Lawson filed his notice of appeal on January 20, 1982, appealing only from the district court's order of December 23, 1981. There was no appeal from the judgment. The issue now before us is whether or not we have jurisdiction to hear this appeal or to amend the notice of appeal. We conclude that we do not. The appeal is dismissed.

Rule 3(c), NDRAppP, states:

"(c) Content of the Notice of Appeal. The notice of appeal shall specify the party or parties taking the appeal; *shall designate the judgment, order, or part thereof appealed from;* and shall name the court to which the appeal is taken." [Emphasis added.]

The only order designated in Lawson's notice of appeal was the order extending the time for filing a notice of appeal by 30 days. The appellate jurisdiction of the Supreme Court must be evidenced by an appealable order or judgment by the inferior court. *See Chas. F. Ellis Agency, Inc. v. Berg*, 214 N.W.2d 507 (N.D.1974). Although the appealability of this order was not raised by the State, it is the duty of this court to dismiss an appeal on our own motion if we conclude that the attempted appeal fails to grant jurisdiction. *Trautman v. Keystone Development Corporation*, 156 N.W.2d 817 (N.D.1968). The right to appeal is purely statutory and an order is appealable only when it comes within a specific statute. *Young v. White*, 267 N.W.2d 799 (N.D.1978). An examination of § 28–27–02, NDCC, indicates no statutory authorization for an appeal from an order granting an extension of time for appeal.

On June 8, 1982, Lawson filed an amended notice of appeal in the district court, seeking to correct the insufficiency in his earlier notice of appeal. Rule 4(b), NDRAppP, outlines the time limitations placed upon the filing of an appeal in a criminal case. Lawson's amended notice of appeal greatly exceeded the time requirements.

■ The time limit imposed by Rule 4(b), NDRAppP, upon the filing of an appeal is mandatory and jurisdictional. An appeal not filed within the specified time must be dismissed unless it can be shown that the failure to file was excusable neglect, or that the time was extended by the trial court. *City of Minot v. Lundt*, 268 N.W.2d 482 (N.D.1978). In *State v. Metzner*, 244 N.W.2d 215, 220 (N.D.1976), this court stated:

"... we cannot waive compliance with the jurisdictional requirement that the notice of appeal be timely filed. Rule 26(b), N.D.R.App.P."

Recently, in *First Nat. Bank of Hettinger v. Dangerud*, 316 N.W.2d 102 (N.D.1982), we discussed the application of the appellate rules to a motion to amend a deficient notice of appeal after time for appeal has expired. We concluded that we had no jurisdiction to consider the appeal nor the motion to amend the notice of appeal after time for appeal had expired.

In this case we have heard the arguments by Lawson and the State on the merits. It is plain from the record that had there been an appropriate notice of appeal, Lawson's conviction would nevertheless have been affirmed.

**516**

Lawson contends that the jury verdict was "general" and thus the judgment should not be for a "Class A Felony." The jury verdict found that Lawson was guilty "as charged," and the complaint labeled each count as "Class A Felony." There was no instruction on lesser included offenses, none was requested, and it is not argued that plain error was committed in the instruction.

The second contention is that a witness should not be impeached by a conviction "obtained under very questionable circumstances in a notorious dictatorship [Cuba]." There was no record of the Cuba trial produced, only the witness's own statements that he was not adequately represented by his attorney. The trial court properly permitted the jury to hear the impeachment evidence under the circumstances.

The third contention is that the prosecutor made improper comments in closing argument. The remarks were not objected to at trial. The prosecutor explained the reason for two separate complaints and argued, in effect, that a rape can occur without "a bloody, battered and torn victim." The language may be strong and, if objected to, may have warranted a cautioning by the court. No plain error is evident.

Finally, Lawson contends that he was inadequately represented by defense counsel. Each of the criticisms leveled against the defense trial counsel appears to involve matters that relate to trial tactics, and the manner in which an attorney attempts to develop rapport with the jurors.

The appeal is dismissed.

ERICKSTAD, C. J., and PAULSON, SAND and VANDE WALLE, JJ., concur.