STATE of North Dakota, Plaintiff and Appellant,

v.

Darlene KOLOBAKKEN, Defendant and Appellee.

Cr. No. 966.

Supreme Court of North Dakota.

April 24, 1984.

Timothy C. Wilhelm, Asst. State's Atty., Minot, for plaintiff and appellant. Submitted on brief.

Teevens, Johnson & Montgomery, Minot, for defendant and appellee. No brief or argument.

PEDERSON, Justice.

■ The dispositive issue on this appeal is whether or not a defense based on lack of criminal responsibility, as defined in § 12.1–04–03, NDCC, is the proper subject of a pretrial motion to dismiss. We conclude that it is not, and accordingly reverse and remand for further proceedings.

Kolobakken was charged with disobedience of a judicial order, § 12.1–10–05, NDCC, and simple assault, § 12.1–17–01, NDCC. The complaint alleged that in early January 1983, Kolobakken disobeyed a district court order contained in a divorce decree directing her to remove herself and her property from her former residence. The complaint also alleged that when attempts were made to remove her from the premises, Kolobakken assaulted a Ward County Deputy Sheriff.

Although Kolobakken was initially bound over for arraignment and trial in district court, plea negotiations resulted in an agreement that the charges would be reduced to misdemeanors and that Kolobakken would plead guilty to the reduced charges in county court.

At her arraignment in county court, Kolobakken pled guilty to the charge of simple assault and sentencing was deferred for a period of one year. She moved that the charge alleging disobedience of a judicial order be dismissed on the basis that she was suffering from a mental disease or defect at the time of the incident. No testimony was offered during the hearing, but Kolobakken requested the court to take judicial notice of a mental health hearing file. Kolobakken's motion to dismiss this charge was granted. The state's attorney apparently did not then file the petition required by § 12.1–04–10, NDCC, but filed an appeal. The record on appeal does not include any material from a mental health hearing file.

■ Lack of criminal responsibility is a defense under § 12.1–04–03, NDCC. Rule 12(b), NDRCrimP, provides in pertinent part: "Any defense, objection, or request which is *capable of determination without the trial of the general issue* may be raised before trial by motion." [Emphasis added.]

Although this Court has never determined what types of defenses fit within the "capable of determination without the trial of the general issue" language of Rule 12(b), NDRCrimP, Federal court interpretations of the Federal counterpart to Rule 12(b) have established that it provides no authority for a court to grant a pretrial motion to dismiss based on a defense "which raises factual questions embraced in the general issue." *United States v. Brown*, 481 F.2d 1035, 1041 (8th Cir.1973). *See also United States v. Knox*, 396 U.S. 77, 83, 90 S.Ct. 363, 367, 24 L.Ed.2d 275, 281 (1969); 1 C. Wright, *Federal Practice and Procedure* § 191 (2d ed. 1982); 8 J. Moore, *Moore's Federal Practice* § 12.04 (2d ed. 1983).

For this reason, courts have denied pretrial efforts to have charges dismissed which were based on defenses of entrapment [*see United States v. DePalma*, 461 F.Supp. 778, 794 (S.D.N.Y.1978); *United States v. Leighton*, 265 F.Supp. 27, 36 (S.D. N.Y.), *aff'd*, 386 F.2d 822 (2d Cir.1967), *cert. denied*, 390 U.S. 1025, 88 S.Ct. 1412, 20 L.Ed.2d 282 (1968) ], withdrawal [*see United States v. Bloom*, 78 F.R.D. 591, 597–599 (E.D.Penn.1977) ], and insufficiency of the evidence [*see United States v. Gallagher*, 602 F.2d 1139, 1142 (3rd Cir. 1979), *cert. denied*, 444 U.S. 1043, 100 S.Ct. 729, 62 L.Ed.2d 728 (1980); *United States v. King*, 581 F.2d 800, 802 (10th Cir.1978); *United States v. Brown, supra* ].

■ Like the defenses noted above, a defense based on lack of criminal responsi-

bility has a bearing on the very issue of a defendant's legal guilt or innocence and, as such, raises a factual question to be submitted to and determined by the trier of fact. *See generally State v. Leidholm,* 334 N.W.2d 811, 822–823 (N.D.1983); *State v. Trieb,* 315 N.W.2d 649, 653–654 (N.D. 1982); *State v. Jensen,* 282 N.W.2d 55, 62–63 (N.D.1979); *State v. Jensen,* 251 N.W.2d 182, 186–187 (N.D.1977). The fact that a defendant may have been involved in a civil mental health hearing or may have undergone evaluation or treatment does not establish a lack of criminal responsibility as a matter of law. *See Leidholm, supra,* 334 N.W.2d at 823.

As the court stated in *United States v. Collins,* 491 F.2d 1050, 1052 (5th Cir.), *cert. denied,* 419 U.S. 857, 95 S.Ct. 104, 42 L.Ed.2d 90 (1974), in response to an assertion that the lower court had erred in declining to determine in a pretrial hearing the defendant's lack of legal responsibility on the date of the commission of the crime:

"We disagree. As already indicated, an allegation of mental incapacity as a defense goes to the merits and is for the determination of the trier of the fact. See, also, *United States v. Huff,* 5 Cir., 1969, 409 F.2d 1225, cert. den., 396 U.S. 857, 90 S.Ct. 123, 24 L.Ed.2d 108 (1969). It necessarily follows that Rule 12(b)(1) of the Federal Rules of Criminal Procedure invests the trial judge with no authority to decide this issue as a matter of law rather than submitting it to factual exploration and decision...."

We conclude that the county court in this case erred in granting Kolobakken's pretrial motion for dismissal based on her asserted defense of lack of criminal responsibility.

We deem it unnecessary to address the other arguments that the dismissal should be reversed because of lack of compliance with Rules 12.2 and 45(d), NDRCrimP, and Rule 3.2(c), NDROC. Questions, the answers to which are not necessary to determination of the case, need not be considered. *Hospital Services v. Brooks,* 229 N.W.2d 69 (N.D.1975).

The judgment of dismissal is reversed. No costs are awarded on the appeal. Rule 39(h) NDRAppP.

ERICKSTAD, C.J., and SAND, GIERKE and VANDE WALLE, JJ., concur.