**The STATE of North Dakota, Plaintiff and Appellant,**

**v.**

**Dennis J. O'BOYLE, Defendant and Appellee.**

**Cr. No. 1013.**

Supreme Court of North Dakota.

Oct. 23, 1984.

As Amended Nov. 15, 1984.

Rodney K. Feldner, Asst. State's Atty., Mandan, for plaintiff and appellant.

Phillip J. Brown, Bismarck, for defendant and appellee.

PEDERSON, Justice.

The State appeals from a "memorandum opinion" of the district court which ordered dismissal of an information charging Dennis J. O'Boyle with Class C felony escape pursuant to § 12.1–08–06, NDCC. O'Boyle has moved to dismiss the State's appeal. We deny O'Boyle's motion to dismiss the appeal and reverse the district court's order of dismissal.

### MOTION TO DISMISS

■ The State's notice of appeal, which was filed on March 20, 1984, states that the appeal is taken from the district court's memorandum opinion dated March 14, 1984. An "order of dismissal" in this case was filed on March 22, 1984. O'Boyle asserts that because the State has appealed from the district court's memorandum opinion, rather than from the subsequently entered order of dismissal, the appeal must be dismissed. We disagree.

■ The right to appeal is purely statutory and an order is appealable only if it comes within the provisions of a specific statute. *State v. Lawson,* 321 N.W.2d 514 (N.D.1982). Section 29–28–07(1), NDCC, provides that "An appeal may be taken by the state from ... [a]n order quashing an information or indictment or any count thereof." A motion to dismiss an information and a motion to quash an information are substantially equivalent, and "an order which on its face, without more, has the effect of quashing an information, is appealable" under § 29–28–07(1), NDCC. *State v. Hanson,* 252 N.W.2d 872, 874 (N.D.1977); *State v. Jelliff,* 251 N.W.2d 1 (N.D.1977); *State v. Howe,* 247 N.W.2d 647 (N.D.1976); *State v. Allesi,* 211 N.W.2d 733 (N.D.1973).

■ Although a memorandum decision is generally not appealable, when it contains an order which is intended to be a final order, and the order is one from which an appeal may be taken, we will treat the appeal as an appeal from the order. *State v. Tinsley,* 325 N.W.2d 177 (N.D.1982); *State v. Gelvin,* 318 N.W.2d 302 (N.D. 1982).

In this case, the district court's memorandum opinion explicitly states: "Based on the foregoing, it is hereby ordered that the Information charging the defendant with the Class C felony of escape is hereby dismissed." Although the memorandum opinion further states that counsel "may prepare the appropriate order of dismissal," and an "order of dismissal" was subsequently entered, we conclude that the memorandum opinion itself contained a final order which had the effect of quashing the information. Once the information was effectively dismissed, any further "order" dismissing the information was surplusage. O'Boyle's motion to dismiss the appeal is denied.

### PROPRIETY OF DISMISSAL UNDER RULE 12(b), NDRCrimP

O'Boyle was charged in a criminal information with committing the offense of

Class C felony escape on or about September 24, 1983 in Mandan. The information alleges that "[w]ithout lawful authority, [O'Boyle] removed or attempted to remove himself from official detention by using force or threat of force against another." Mandan Police Officer Richard L. Schaaf was the only witness who testified at the preliminary hearing. The county court found probable cause and O'Boyle was bound over to the district court.

Prior to trial, O'Boyle filed a motion to dismiss the information "on the grounds that the testimony given at that Preliminary Hearing in this matter included all of the substantive evidence against the Defendant which will or can be offered at the trial of this matter and that said evidence is insufficient to support a felony charge of Escape, although said evidence may be capable of supporting a misdemeanor charge of Escape."

After submission of briefs by the parties, the district court, apparently on the basis of the testimony given at the preliminary hearing, stated in its memorandum opinion:

"The operative facts in this case show the following: (a.) The defendant was placed under arrest for the misdemeanor charge of driving while under the influence. (b.) The defendant was placed in the rear seat of the police squad car for transportation to the station. (c.) That while the officer was walking to the other side of the car and entering the vehicle, the defendant opened the rear door and fled down the street. (d.) The officer pursued Mr. O'Boyle and approximately two hundred feet from the vehicle, he reached out and grabbed his sweater, the parties fell to the ground, Mr. O'Boyle continued to struggle and broke away from the officer and fled for good. (e.) Mr. O'Boyle was later apprehended at his home in Mandan."

The trial court concluded that the incident described above could be alleged to constitute Class A misdemeanor escape and a violation of § 12.1–08–02(1), NDCC, which prohibits preventing arrest or discharge of other duties, rather than Class C felony escape which requires the use of "force or threat of force against another in effecting or attempting to effect his removal from official detention." § 12.1–08–06(2)(a), NDCC. The district court dismissed the Class C felony charge of escape with prejudice, but noted that the dismissal was without prejudice as to the State recharging O'Boyle with Class A misdemeanor escape.

■■■ Rule 12(b), NDRCrimP, provides in pertinent part that "[a]ny defense, objection, or request which is capable of determination without the trial of the general issue may be raised before trial by motion." A defense is "capable of determination" under Rule 12(b) "if trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense." *United States v. Covington*, 395 U.S. 57, 60, 89 S.Ct. 1559, 1561, 23 L.Ed.2d 94, 99 (1969). A pretrial motion to dismiss is not a device for summary trial of the evidence. *State v. Howe*, 247 N.W.2d 647 (N.D.1976).

Recently, in *State v. Kolobakken*, 347 N.W.2d 569, 571 (N.D.1984), this Court reversed a county court judgment granting the defendant's pretrial motion for dismissal based on her asserted defense of lack of criminal responsibility because such a defense "has a bearing on the very issue of a defendant's legal guilt or innocence and, as such, raises a factual question to be submitted to and determined by the trier of fact." In *Kolobakken, supra*, 347 N.W.2d at 570, we stated:

"[Rule 12(b), NDRCrimP] provides no authority for a court to grant a pretrial motion to dismiss based on a defense 'which raises factual questions embraced in the general issue.' *United States v. Brown*, 481 F.2d 1035, 1041 (8th Cir. 1973).

"For this reason, courts have denied pretrial efforts to have charges dismissed which were based on defenses of entrapment ... withdrawal ... and *insufficiency of the evidence* ...." [Emphasis added; citations omitted.]

■■■ In this case, O'Boyle has not challenged the sufficiency of the criminal infor-

mation itself, but claims that the testimony given at the preliminary hearing is insufficient to support a felony charge of escape. The district court obviously dismissed the charge because it concluded that O'Boyle's conduct did not constitute a violation of the Class C felony portion of the statute charged. The dismissal was in effect a premature determination of the question of guilt or innocence made before the submission of any evidence.

We conclude that the issue raised in O'Boyle's motion to dismiss was not capable of determination without the trial of the general issue, because it was the general issue. The district court had no jurisdiction to decide O'Boyle's guilt or innocence as a matter of law from evidence elicited at the preliminary hearing. *See United States v. King*, 581 F.2d 800 (10th Cir. 1978).

Even assuming that the evidence at trial is the same as that shown in the preliminary hearing transcript, the exact point at which O'Boyle's conduct became an accomplished "escape" cannot be determined as a matter of law. It was error for the trial court to conclude, without hearing any evidence, that the escape was "completed" when O'Boyle exited the vehicle and prior to the time that a struggle occurred about two hundred feet from the location of the vehicle. When the case is tried, issues relating to lesser included offenses will likely arise.

For the reasons stated in this opinion, O'Boyle's motion to dismiss the appeal is denied, the order dismissing the information is reversed, and the case is remanded for further proceedings.

ERICKSTAD, C.J., and SAND and GIERKE, JJ., concur.

VANDE WALLE, Justice, dissenting.

I do not agree that we can conclude the memorandum decision is intended to be a final order, thereby applying the statement in *State v. Gelvin*, 318 N.W.2d 302, 304, n. 1 (N.D.1982), that "when the memorandum opinion contains an order which was intended to be a final order and the order is one from which an appeal may be taken pursu-ant to statute, we will treat the appeal as an appeal from the order."

Here, the concluding paragraph of the memorandum opinion from which the instant appeal is taken states, in part:

"Based on the foregoing, it is hereby ordered that the Information charging the defendant with the Class C felony of escape is hereby dismissed. *Counsel for the defendant may prepare the appropriate order of dismissal.*" [Emphasis supplied.]

Furthermore, as the majority opinion notes, an order of dismissal, from which no appeal was taken, was subsequently entered. The facts of this case thus are more akin to those in *State v. Tinsley*, 325 N.W.2d 177 (N.D.1982), in which a memorandum opinion containing the ruling of the trial court was issued on February 10, 1982, followed by an order dismissing Tinsley's application for post-conviction relief on February 26, 1982. We held that under those circumstances the memorandum opinion did not contain an appealable final order and we dismissed the appeal.

Here, I can only conclude from the quoted wording of the memorandum opinion that the memorandum opinion was *not* intended to be a final order and I would dismiss the appeal because it is from a memorandum opinion which is not appealable.