**CITY OF MANDAN, Plaintiff and Appellant,**

v.

**Lonny MERTZ, Defendant and Appellee.**

**Cr. No. 1168.**

Supreme Court of North Dakota.

Jan. 7, 1987.

Sharon A. Gallagher, Municipal Prosecutor, Mandan, for plaintiff and appellant.

Ralph A. Vinje, Bismarck, for defendant and appellee.

MESCHKE, Justice.

The City of Mandan appeals from an order of the Morton County Court dismissing charges of violating city ordinances against Lonny Mertz. We reverse, holding that when judicial notice of a municipal ordinance is statutorily required, a trial court must do so when it has the necessary information, even though a copy is not in evidence.

Mertz was convicted in Mandan Municipal Court of driving under the influence of alcohol and of driving under suspension, both in violation of the ordinances of the City of Mandan. Mertz appealed and obtained a jury trial in Morton County Court. At the close of the City's case, Mertz moved for acquittal because the City had not introduced into evidence copies of the underlying ordinances.

At first the county court denied Mertz's motion, stating that it was taking judicial notice that the City had adopted Title 39, N.D.C.C., relating to traffic offenses. During a following recess, Mertz's attorney directed the court's attention to a line of Missouri cases holding that municipal ordinances are not subject to judicial notice. See, e.g., City of Boonville v. Martin, 694 S.W.2d 295 (Mo.Ct.App.1985). The City did not cite any contrary authority or seek a continuance to obtain copies of the ordinances to offer in evidence. The county court dismissed the action because "the plaintiff failed to introduce as evidence the applicable Municipal Ordinances...."

■ The county court's determination that it could not take judicial notice of ordinances was not a determination of a factual element of either offense. Therefore, contrary to Mertz's position before this court, neither this appeal nor a retrial would violate the double jeopardy clause. See, State v. Knittel, 308 N.W.2d 379 (N.D. 1981).

Section 40–18–19 of the North Dakota Century Code states, in part:

"On all appeals from a determination in a municipal court, the appellate court shall take judicial notice of all of the ordinances of the city."

Thus, the county court was required to judicially notice the ordinances. The question is whether copies of the ordinances must be in evidence for the court to do so.

In *Walter v. North Dakota State Highway Commissioner,* 391 N.W.2d 155 (N.D. 1986), Walter was convicted in Montana of driving under the influence of alcohol, and as a result, his North Dakota driving privileges were suspended under a statute authorizing action against a resident driver upon conviction in another state for a traffic offense equivalent to one in North Dakota. On appeal of his license suspension, he argued that the hearing officer could not have established that he was convicted of a criminal offense "equivalent" to one in North Dakota because the Montana statute under which he was convicted was not received in evidence at the administrative hearing. We recognized that N.D.C.C., § 31–10–03 requires courts in this state to take judicial notice of statutes of every state, and stated:

"The fact that the Montana statute was not made a part of the official record does not compel the conclusion that the hearing officer did not review the statute before making his decision. It may be a good practice to receive applicable foreign statutes in evidence at an administrative hearing but we know of no rule or statute that specifically requires that be done, and we have been referred to no such rule or statute. In any case, we should not presume that the hearing officer did not review an applicable state statute simply because that statute was not formally submitted and received in evidence or requested to be officially noticed." *Id.* at 158 (footnotes omitted).

■ Thus, a copy of a foreign statute need not be in evidence before it is judicially noticed. Likewise, where judicial notice of a municipal ordinance is statutorily required, we conclude that there is no requirement that a copy of the ordinance be placed in evidence. Where judicial notice is mandated, Rule 201(d), N.D.R.Ev., requires

**300**

only that the court be "supplied with the necessary information." In this case, the county court obviously had the necessary information because it recognized that the City of Mandan had adopted ordinances equivalent to Title 39, N.D.C.C., for traffic offenses.

Our discussion in *Keyes v. Amundson,* 391 N.W.2d 602 (N.D.1986), does not call for a different result. There, we noted that "[i]n the absence of a statutory requirement" that a court take judicial notice of a municipal ordinance, *Walter* did not permit judicial notice of municipal ordinances not in evidence:

"[*Walter* ] involved state statutes as opposed to ordinances and is distinguishable because state statutes are compiled, published and distributed by recognized professional entities who must vouch for the integrity of their product and thus they are likely accurate, readily ascertainable and available while such is often not the case with ordinances." *Id.* at 607–608.

Here, unlike in *Keyes,* the court was statutorily required to take judicial notice of the relevant ordinances. While we recognize the different circumstances under which statutes and municipal ordinances are published, we see no evidentiary requirement for municipal ordinances which the legislature requires to be judicially noticed.

Where judicial notice of a municipal ordinance is required under N.D.C.C., § 40–18–19, it is not necessary that a copy of the ordinance be placed in evidence, although it is essential that the trial court be supplied with the necessary information. Since the county court had the necessary information, it erroneously concluded that it could not judicially notice ordinances not in evidence. Accordingly, we reverse the county court's order of dismissal and remand for a new trial.

ERICKSTAD, C.J., and LEVINE, VANDE WALLE and GIERKE, JJ., concur.