**STATE of North Dakota, Plaintiff and Appellant,**

v.

**Carlos M. ZENO, Defendant and Appellee.**

Cr. No. 920041.

Supreme Court of North Dakota.

Oct. 1, 1992.

Douglas L. Mattson, State's Atty., Minot, for plaintiff and appellant; argued by Mark A. Flagstad, Asst. State's Atty., Minot.

Carlos Marcell Zeno, pro se.

VANDE WALLE, Justice.

The State of North Dakota appealed from a district court order dismissing an information charging Carlos Zeno with terrorizing. We reverse and remand for trial.

On January 30, 1991, Dennis Harris, a Minot cab driver, was dispatched to a local motel to pick up Zeno. According to Harris, while en route to Zeno's apartment, Zeno stated that he was on a "mission" to kill someone and that if Harris went to the police Zeno would kill him, too. Upon reaching the apartment, Zeno told Harris to wait. Zeno returned with two garment bags and a briefcase. Zeno again entered the apartment and Harris heard the sound of a firearm being discharged in the apartment building.

Subsequently, Zeno returned to the cab with a dufflebag and told Harris to take him to the airport. Zeno unzipped the dufflebag, which was positioned in his lap, and displayed to Harris the butt end of a sawed-off shotgun. The muzzle of the shotgun was pointed toward Harris.

Before reaching the airport, Zeno directed Harris to return to the apartment. While Zeno was inside the building, Harris drove away and went to the Minot Police Department. An examination of the shotgun, which had been left in the cab, revealed that it had been recently fired.

Zeno was subsequently arrested and charged with terrorizing. A preliminary hearing was held in County Court, and Zeno was bound over for trial.

Although Zeno was represented by court-appointed counsel, he began filing motions pro se. Shortly before his scheduled arraignment on April 15, 1991, Zeno filed, but did not serve upon opposing counsel, a document entitled "Writ of Habeas Corpus and/or Uniform Post Conviction Remedy." At the April 15 hearing, the district court refused to permit the State to file the information and refused to arraign Zeno on the terrorizing charge. The court explained that it did not want to impede Zeno's ability to present "motions in abatement," "pleas in abatement," or "pleas in bar."

Zeno then filed a second "Writ of Habeas Corpus" and a "Motion for the Return of Seized Property and to Suppress Evidence." A hearing was held on April 29, 1991, and the district court again refused to arraign Zeno. On May 30, 1991, an evidentiary hearing was held on the motion to suppress, and the court took the matter under advisement. The information still had not been filed and Zeno had not been arraigned.

On June 6, 1991, Zeno filed a "Motion to Quash Indictment of Terrorizing." Another hearing was set for June 11, 1991, and at the conclusion of that hearing, the court ordered dismissal of the information, which had never been filed. A written order of dismissal was entered on January 21, 1992, and the State appealed.

The case reaches us in a perplexing procedural posture. The district court prohibited the State from filing the information and refused to arraign Zeno on the terrorizing charge. The court's stated purpose in following this unusual procedure was to protect Zeno's ability to file a motion in abatement, plea in abatement, or plea in bar. However, the Rules of Criminal Procedure, in effect since 1973, have specifical-

ly abolished these obsolete forms of pleading:

> "(a) Pleadings and Motions. Pleadings in criminal proceedings shall be the indictment and the information in district court, the complaint in county court, or municipal court, and the pleas of not guilty and guilty. All other pleas, demurrers and motions to quash are abolished. Defenses and objections raised before trial shall be raised only by motion to dismiss or to grant appropriate relief, as provided in these Rules."

The Rules of Criminal Procedure envision a simplified, streamlined procedure: the information is filed, the defendant is arraigned and, thereafter, pre-trial motions are allowed.[1] The district court in this case inexplicably refused to follow the procedure prescribed by the Rules.

The court properly recognized, however, that a motion to quash is to be treated as a motion to dismiss under Rule 12, N.D.R.Crim.P. The Explanatory Note to Rule 12 explains:

> "All objections or defenses raised before trial must be made by a simple motion to dismiss or by motion to grant appropriate relief as provided in these Rules. Subdivision (a) speaks only of defenses and objections that prior to the Rules could have been raised by plea, demurrer, or motion to quash.
>
> "Selection of a wrong plea will no longer be a hazard, since there is now but one mode of raising all objections and defenses. Even if counsel, unaware of procedural changes, ignorantly interposes an obsolete plea or motion, it may be considered as a motion to dismiss."

The district court expressly stated that it was treating Zeno's motion to quash as a motion to dismiss under Rule 12, and its final order dismisses the information.

■ Our review of the court's order on the merits is significantly hampered by the court's failure to provide any substantive

---

1. A defendant who seeks review of the county court's decision to bind him over may, prior to arraignment, petition the district court for a writ of certiorari. See *Schiermeister v. Riskedahl*, 449 N.W.2d 566 (N.D.1989). The district court's review in such cases is limited to determining whether the county court exceeded its jurisdiction. *Schiermeister, supra.* Zeno did not seek, nor did the district court grant, relief in that form.

explanation of the basis for its decision. The court's written order contains only this cryptic, conclusory reasoning:

"The Court treated the Motion to Quash as a Motion to Dismiss. While no sworn testimony was taken by the Court on the Motion at the June 11 hearing, an evidentiary hearing was held on May 30, 1991 where testimony was taken.

"After having considered all the testimony of the events, the totality and the circumstances, the Court found that a dismissal of the information is warranted. *State v. O'Boyle*, 356 NW2d 122 provided the court authority to determine that these defenses can be applied and examined without a full trial; the Court ruled that the activities that occurred which resulted in the arrest of terrorizing would not support the charge and dismissed the information."

The court does not explain what "defenses" could be applied and examined without a trial.

The court's reference to *State v. O'Boyle*, 356 N.W.2d 122 (N.D.1984), is especially puzzling, inasmuch as that decision prohibits precisely what the court has done in this case. In *O'Boyle* we construed Rule 12(b), N.D.R.Crim.P., which provides, in pertinent part: "Any defense, objection, or request which is capable of determination without the trial of the general issue may be raised before trial by motion." O'Boyle moved to dismiss the information on the grounds that the evidence submitted at the preliminary hearing was insufficient to support a felony charge of escape. The district court, relying upon the preliminary hearing testimony, held that the evidence might support a misdemeanor escape charge, but not the corresponding felony charge, which required proof of force or threat of force. The court dismissed the information.

We reversed, holding that the court had improperly conducted a summary trial of the evidence:

"A pretrial motion to dismiss is not a device for summary trial of the evidence. *State v. Howe*, 247 N.W.2d 647 (N.D. 1976).

"Recently, in *State v. Kolobakken*, 347 N.W.2d 569, 571 (N.D.1984), this Court reversed a county court judgment granting the defendant's pretrial motion for dismissal based on her asserted defense of lack of criminal responsibility because such a defense 'has a bearing on the very issue of a defendant's legal guilt or innocence and, as such, raises a factual question to be submitted to and determined by the trier of fact.' In *Kolobakken, supra*, 347 N.W.2d at 570, we stated:

"'[Rule 12(b), NDRCrimP] provides no authority for a court to grant a pretrial motion to dismiss based on a defense "which raises factual questions embraced in the general issue." *United States v. Brown*, 481 F.2d 1035, 1041 (8th Cir.1973).

"'For this reason, courts have denied pretrial efforts to have charges dismissed which were based on defenses of entrapment ... withdrawal ... and *insufficiency of the evidence ...*' [Emphasis added; citations omitted.]'" *State v. O'Boyle, supra*, 356 N.W.2d at 124.

Similarly, the district court in this case has conducted an improper summary trial of the evidence. The court expressly stated that an evidentiary hearing had been held, that it had "considered all the testimony of the events, the totality and the circumstances," and that "the activities that occurred which resulted in the arrest of terrorizing would not support the charge." In effect, the court weighed the evidence and invaded the province of the finder of fact in determining that dismissal was warranted. As in *O'Boyle, supra*, 356 N.W.2d at 125, "[t]he dismissal was in effect a premature determination of the question of guilt or innocence made before the submission of any evidence." See also, *State v. Swanson*, 407 N.W.2d 204 (N.D. 1987) [trial court erred in dismissing criminal complaint because question which precipitated trial court's action could not be resolved apart from facts yet to be determined].

■  There is also some suggestion in the court's oral ruling from the bench that the

court may have based its holding upon an erroneous interpretation of the terrorizing statute. The court stated:

"Here the events of the evening are well known to all the parties and the Motions are based on the events that transpired. It has been suggested that Harris' statement that Zeno said he was out to get somebody and the discharge of a shotgun would combine to show that or let the police look and inspect the apartment to see if anything had happened. But that offense had to have been one would [sic] have been against a third party, not against Harris. Facilely the activities that occurred which resulted in the arrest of terrorizing will not support the charge and I dismiss the information."

The court may have erroneously concluded that, even if the facts alleged by the State were true, no offense was committed.

Section 12.1–17–04, N.D.C.C., provides:

"*Terrorizing.* A person is guilty of a class C felony if, with intent to place another human being in fear for that human being's or another's safety or to cause evacuation of a building, place of assembly, or facility of public transportation, or otherwise to cause serious disruption or public inconvenience, or in reckless disregard of the risk of causing such terror, disruption, or inconvenience, the person:

"1. Threatens to commit any crime of violence or act dangerous to human life; or

"2. Falsely informs another that a situation dangerous to human life or commission of a crime of violence is imminent knowing that the information is false."

To establish the offense in this case, the State would have to prove that Zeno (1) threatened to commit a crime of violence or act dangerous to human life (2) with intent to place Harris in fear for his or another's safety, or with reckless disregard of the risk of creating such fear.

In *State v. Hass,* 268 N.W.2d 456, 463 (N.D.1978), involving a similar factual situation, we indicated that the determination whether particular words constitute a threat is a question of fact:

"The defendant, according to the prosecution, was standing within a few feet of the vehicle in which the witness and others were seated, pointing a rifle directly at them, and discussing the possibility of blowing their heads off. It should be no surprise to anyone if they were terrorized or considered themselves menaced. That is all that the law requires. Threats may be made by innuendo and the circumstances may be taken into account in deciding whether the words used constitute a threat....

"As we said in *State v. Howe,* 247 N.W.2d 647, 654 (N.D.1976),

" 'No precise words are necessary to convey a threat. It may be bluntly spoken, or done by innuendo or suggestion.... A threat often takes its meaning from the circumstances in which it is spoken and words that are innocuous in themselves may take on a sinister meaning in the context in which they are recited....' " [Citations omitted.]

The State has asserted that Zeno told Harris that he was on a mission to kill somebody and that he might kill Harris, too. Zeno subsequently discharged a shotgun within earshot of Harris and then displayed the shotgun with the muzzle pointed at Harris. This is a sufficient allegation of terrorizing under the statute to create a factual question for the fact finder.

We conclude that the district court erred in dismissing the information. We reverse the district court's order and remand with directions that the information be filed, an arraignment be held, and the matter be set for trial before a judge to be assigned by the presiding judge of the district.

ERICKSTAD, C.J., and MESCHKE, LEVINE and JOHNSON, JJ., concur.