STATE of North Dakota, Plaintiff and Appellant,

v.

Karen A. HAMMOND, Defendant and Appellee.

Cr. No. 920267.

Supreme Court of North Dakota.

March 24, 1993.

Patricia L. Burke, State's Atty., Bismarck, for plaintiff and appellant.

Murray G. Sagsveen of Zuger Kirmis & Smith, Bismarck, for defendant and appellee.

LEVINE, Justice.

The State appeals from an order dismissing a criminal complaint against Karen A. Hammond. We reverse and remand.

Hammond wrote a $243.00 check to Jerry Lydeen. The check was dated June 10, 1992, but Lydeen presented it for payment on June 8, 1992. The check was returned unpaid because of insufficient funds in Hammond's bank account. Hammond was charged with violating Section 6–08–16(1), NDCC, by issuing a check without sufficient funds.

The county court ordered a pretrial conference. *See* NDRCrimP 17.1. Two weeks before the pretrial conference, the State moved for a continuance because the attorney prosecuting the case had a scheduling conflict. The motion was denied.

The pretrial conference proceeded as scheduled. Hammond and her attorney appeared; the State's Attorney did not. The court asked Hammond if she had "any knowledge about the State's absence." She did not, but she assumed the State's Attorney would attend, based on the State's rejection of her suggestion that the matter be dismissed. The court responded: "Yeah, did you want to make a motion then?" Hammond answered affirmatively and orally moved to dismiss the complaint on the ground that the payee knowingly received from her a postdated check. *See* NDCC § 6–08–16(3).[1]

Hammond's oral argument to the trial court merely prefaced the evidence that she claimed she would produce at trial. The court reviewed its own copies of the front and back of the alleged NSF check, agreeing that the check was postdated: "Oh I see, the back of the check verifies that it actually went through before it was dated." The court then granted Hammond's motion:

"Okay, well I denied the State's motion to continue the case suggesting that perhaps on something like this, one of the other several attorneys down there could cover for Ms. Burke but obviously they didn't send anybody so I'll grant the motion to dismiss. I don't know if there's any meritorious response to it or not but in any event, I'll dismiss the case.

.    .    .    .    .

"Perhaps you should, Mr. Sagsveen, do a very short order explaining that it's being dismissed based on the court's conclusion that what was presented here indicates it was a postdated check."

Hammond's counsel submitted the requested order and the court, over the State's objection, signed it and dismissed the complaint with prejudice. The State appealed.

We must first decide whether the State may appeal from the trial court's order. Hammond says that the dismissal is not appealable because it is the functional equivalent of an acquittal. The State responds that an order dismissing a complaint is like an order quashing an information and is, therefore, appealable under NDCC § 29–28–07(1).

We have expressed the rule that the State may appeal from an order of dismissal of a criminal case if the ruling is not based upon a resolution of some or all of the factual elements of the charged offense. *See, e.g., State v. Hogie,* 424 N.W.2d 630 (N.D.1988). If the ruling does represent the resolution of a factual element, then it is an acquittal which, under

---

1. Subsection (3) of NDCC § 6–08–16 says, in pertinent part:

    "The making of a postdated check knowingly received as such, or of a check issued under an agreement with the payee that the check would not be presented for payment for a time specified, does not violate this section."

the Double Jeopardy Clause of our Federal and State constitutions, cannot be appealed. *E.g., State v. Melin*, 428 N.W.2d 227 (N.D.1988). Implicit in that rule is the precondition that jeopardy has attached.[2] Unless jeopardy has attached, subjecting the accused to the risk of conviction, there can be no "acquittal." *Serfass v. United States*, 420 U.S. 377, 95 S.Ct. 1055, 43 L.Ed.2d 265 (1975); *United States v. King*, 581 F.2d 800 (10th Cir.1978); *United States v. Lasater*, 535 F.2d 1041 (8th Cir.1976). Jeopardy attaches when the jury is empanelled and sworn, or in a bench trial, when the court begins to hear evidence. *Sampson v. State*, 478 N.W.2d 566 (N.D.1991).

■ The order here was not an acquittal because jeopardy did not attach. If this were to be a jury-tried case, no jury was empanelled and sworn before the order was issued. If this were to be a judge-tried case, no evidence was offered and received before the order was issued. The order emanated from a pretrial conference. The purpose of a pretrial conference is to consider all matters that "promote a fair and expeditious trial." Rule 17.1(c)(1), NDRCrimP. The order appealed from eliminated a trial. It disposed of Hammond's motion at "a stage in the proceedings before the trier of fact commenced to take evidence. Subsequent prosecution is not barred by the double jeopardy clause, and the [State's] appeal is proper." *United States v. King, supra* at 801.

■ On appeal, the State contends that the county court erred in denying its motion for a continuance. "The grant or denial of a continuance rests in the discretion of the trial court," and, therefore, will not be disturbed on appeal absent an abuse of discretion. *State v. Kunkel*, 452 N.W.2d 337, 339 (N.D.1990). A trial court abuses

its discretion when it acts unreasonably, arbitrarily or unconscionably. *Id.*

■ The trial court believed that a case as simple and routine as this could be handled by any attorney in the State's Attorney's office. Because the State did not claim that no attorney in the Burleigh County State's Attorney's office could attend the pretrial conference, the court denied the motion.

We discern nothing unreasonable, arbitrary or unconscionable about the trial court's evaluation of the difficulty of this case or the time required to prepare for it. The facts and the law are simple and straightforward. Yet, no one from the State's Attorney's office attended the pretrial conference or informed the court that (and why) it was impossible for any state's attorney to do so. We conclude the trial court did not abuse its discretion in denying the motion for a continuance.

The State complains that the trial court's pretrial order required all motions to be filed before the pretrial conference and that Hammond, who filed no motions, should not have been allowed to orally move to dismiss at the pretrial conference. The State argues, in the alternative, that even if the trial court were authorized to entertain the motion, its order granting the motion wrongfully invaded the province of the fact finder.

■ It was well within the trial court's authority to consider an oral motion. *See, e.g.,* NDRCrimP 17.1; NDRCrimP 47. However, we agree with the State that the court overstepped the bounds of its discretion when it determined that Hammond was entitled to dismissal on the ground that her check to the payee was postdated. Under section 6–08–16(3), a person does not commit the offense of issuing a check without sufficient funds if the check is postdat-

---

**2.** In our cases analyzing whether an appeal was from an "acquittal," rather than from an order expressly made appealable under section 29–28–07, NDCC, the claimed acquittal was ordered either after a jury had been empanelled and sworn, *State v. Meyer*, 494 N.W.2d 364 (N.D. 1992); *City of Dickinson v. Kraft*, 472 N.W.2d 441 (N.D.1991); *State v. Hogie*, 424 N.W.2d 630 (N.D.1988); *see also State v. Thill*, 468 N.W.2d

643 (N.D.1991); *City of Mandan v. Mertz*, 399 N.W.2d 298 (N.D.1987); or after evidence was heard by the judge acting as factfinder during trial, *State v. Bettenhausen*, 460 N.W.2d 394 (N.D.1990); *City of Wahpeton v. Desjarlais*, 458 N.W.2d 330 (N.D.1990); *State v. Melin*, 428 N.W.2d 227 (N.D.1988); *State v. Flohr*, 259 N.W.2d 293 (N.D.1977); *see also State v. Knittel*, 308 N.W.2d 379 (N.D.1981).

ed and "knowingly received as such" by the payee. Whether there is knowing receipt is a question of fact for the fact finder at trial. *Cf. State v. Kaufman,* 310 N.W.2d 709 (N.D.1981) ["knowingly," defined in Ch. 12.1-02, is a question of fact for fact finder and must be determined by considering all facts and circumstances]. Although the State does not dispute that the check was postdated, it does dispute whether it was "knowingly received as such." A payee's knowing receipt is a defense under section 12.1-01-03(2) and the State, therefore, must prove its nonexistence beyond a reasonable doubt. NDCC § 12.1-01-03(1)(e). It appears that the trial court overlooked the issue of knowing receipt. If so, it abused its discretion by misapplying the law. *State v. Gates,* 496 N.W.2d 553 (N.D.1993).

■ However, even if the trial court did consider the issue and assume that the payee knowingly received the check, it wrongly acted as a fact finder. A pretrial motion to dismiss cannot be converted into a summary trial of evidence, thereby depriving the fact finder, whether jury or judge, of its exclusive function of determining factual questions which have a bearing on a defendant's guilt or innocence. *State v. Zeno,* 490 N.W.2d 707 (N.D.1992); *State v. O'Boyle,* 356 N.W.2d 122 (N.D.1984). Hammond's guilt or innocence turns on the factual question of whether the payee knowingly received Hammond's postdated check. The trial court, therefore, wrongly usurped the role of the fact finder when it converted the pretrial conference into an improper summary trial. *E.g., Zeno, supra.*

Accordingly, we reverse and remand.

VANDE WALLE, C.J., and MESCHKE, NEUMANN and SANDSTROM, JJ., concur.